## McKelvy *v.* German American Insurance Co., Appellant.

*Fire insurance—Double insurance—Evidence—Charge of court.*

A policy of fire insurance was by its terms void, if, without the consent of the insurer indorsed thereon, there was, when it was issued, or at any time during its continuance, other insurance upon all or any portion of the property covered by it. There was evidence that, six months after the policy was issued, the owner's wife, without his knowledge, took out a policy in another company. Both husband and wife testified in effect that, before the fire which destroyed the property, each was without knowledge of the insurance procured by the other. They also testified that since they discovered there was a double insurance neither of them had made any claim upon the company in which the wife had insured, but they did not testify that they had surrendered the policy, or notified the company that they disclaimed any benefit thereunder. It appeared that the husband knew of the additional insurance immediately after the fire, but he did not notify the company in his first proofs of loss, and it was not until he filed amended proofs, five months after the fire, that the company was informed of the additional insurance. The court charged that if plaintiff notified the company as soon as he learned of the additional insurance, and disclaimed the other policy, and insisted upon standing upon his own, he could recover. *Held*, that the charge clearly misstated the evidence, and that a verdict and judgment for plaintiff should be reversed.

Argued Nov. 10, 1893. Appeal, No. 305, Oct. T., 1893, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1891, No. 736, on verdict for plaintiff, John R. McKelvy. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ. Reversed.

Assumpsit on policy of fire insurance. Before COLLIER, J.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows:

" That policy was not taken out by Mr. McKelvy, that is clear. The evidence is his wife took it out, but she took it out in his name. The question is, did Mr. McKelvy know that? He says he did not, and his wife says he did not. But you must remember the relation of wife and husband is a very close one. Did he know that before the fire? He says he did not, and she says he did not. After the fire what was his duty? As soon as he found it out his duty was immediately to dis-avow it, which he says he did. He says he told the agent about

the policy, and told him he did not recognize it at all. The learned counsel contends that ought to have been told to the London Assurance Company. I do not think that was a requisite. I say to you that if you find that he really did not know it, although he was hardly more than a day away from his store, and notwithstanding the close relations existing between wife and husband and the necessary knowledge on his part of everything about the business, notwithstanding all that, if he did not know his wife had taken out this policy and as soon as he found it out he told the agent of the defendant company, ' I do not recognize that at all, I know nothing about it, I stand on my policy with you,' he could recover, provided the other facts are made out." [1]

Plaintiff's point was among others as follows :

" 4: The object of the contract of insurance in this case was indemnity ; with that object in view the terms of the policy should be construed liberally, and when any doubt existed as to their meaning, it should be resolved in favor of the insured, rather than in the interest of the insurer ; words of the policy succeptible of two interpretations should be construed to sustain the claim of the insured." Affirmed. [2]

Defendant's points were as follows :

" 1. If the jury believe that Mrs. McKelvy, the wife of the plaintiff, took out a policy of insurance in the London Assurance Corporation upon the goods of the plaintiff, covered by the policy in suit, and that said insurance was in force during the term covered by the policy in suit, without the knowledge or consent of the defendant company, and that subsequently, after the fire, the plaintiff made claim upon the policy of the London Assurance Corporation, then the plaintiff is not entitled to recover in this action. *Answer :* If the jury find the facts as stated here, the plaintiff cannot recover for anything covered by the policy of the London Assurance Corporation." [3]

" 2. Under all the evidence the plaintiff is not entitled to recover and the verdict should be for the defendant. *Answer :* Refused." [4]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–4) instructions as above, quoting them.

*Chas. P. Orr, Thomas C. Lazear* with him, for appellant, cited : R. R. v. Alvord, 128 Pa. 42 ; Greber v. Kleckner, 2 Pa. 289 ; Musselman v. R. R., 2 W. N. 105 ; Bredin v. DuBarry, 14 S. & R. 29 ; Lindsley v. Malone, 23 Pa. 24 ; Kelsey v. Bank, 69 Pa. 426 ; Berger's Ap., 96 Pa. 443 ; Schrack v. McKnight, 84 Pa. 29 ; Hill v. Sewald, 53 Pa. 271 ; Mundorf v. Wickersham, 63 Pa. 87 ; Clem v. Ins. Co., 29 Mo. 666 ; McFarland v. Ins. Co., 46 Min. 519 ; Gottsman v. Ins. Co., 56 Pa. 210 ; Kimball v. Howard, 8 Gray, 38 ; Fire Association v. Williamson, 26 Pa. 196.

*R. B. Petty, Kennedy T. Friend* with him, for appellee, cited : Kitchen v. Ins. Co., 57 Mich. 135 ; Cannon v. Ins. Co., 53 Wis. 585 ; Titus v. Ins. Co., 81 N. Y. 410 ; Taylor's Landlord and Tenant, 5th ed. 287 ; Pipe Lines v. Ins. Co., 145 Pa. 346 ; Welsh v. Assurance Corporation, 151 Pa. 607 ; Wood on Insurance, §§ 376, 377 ; Story on Agency, §§ 89, 251 ; Kent v. Mining Co., 78 N. Y. 59 ; Bigelow on Estoppel, 473 ; R. R. v. Cowell, 28 Pa. 329 ; Mechem on Agency, § 132 ; Clark v. Assurance Co., 146 Pa. 561 ; Sloat v. Ins. Co., 49 Pa. 14 ; Ins. Co. v. Kepler, 106 Pa. 28 ; Ins. Co. v. Tyler, 16 Wend. 400.

OPINION BY MR. JUSTICE McCOLLUM, April 30, 1894 :

The policy in suit was by its terms void, if without the consent of the insurer indorsed thereon, there was when it was issued, or at any time during its continuance, other insurance upon all or any portion of the property covered by it. It is conceded that the plaintiff was the exclusive owner of this property, and that at the time of the fire and for seventeen months previous thereto there was other insurance in his name on a part of it. Prima facie therefore a case of double insurance was presented, and to the extent of it, at least, the policy issued by the defendant company was void. The " other insurance " was obtained from the London Assurance Corporation six months after this policy was issued, and soon after the fire an itemized statement and appraisement of the loss upon the property included in it was furnished to the corporation, with the assistance of its agents who had been duly notified of the loss. Four months after the fire the plaintiff forwarded to the defendant company his proofs of loss, and declared therein there

was no other insurance on his property " known, authorized or acknowledged " by him. These proofs having been returned to him for correction in accordance with the requirements of the company, he made and forwarded an amended statement, accompanied by a copy of the policy issued upon his property by the London Assurance Corporation, and declared that he then disclaimed any benefit under said policy and looked wholly to the defendant company for compensation for his loss. The facts above stated are not controverted, and they seem upon their face to constitute a bar to any recovery by him, in this action, of compensation for the loss of property covered by the London policy. But he testified on the trial that he did not know of the existence of this policy until after the fire, and that he then learned that his wife had procured it, and had, with the aid of the agents of the London company, made and delivered to it the statement and appraisement already referred to. He was corroborated by his wife, who testified that she obtained and carried the policy without notice to him, and that she did not know of the existence of other insurance upon the property covered by it, before she made for the London company a statement of the loss. In other words, there was a concurrence in their testimony to the effect that before the fire each was without knowledge of the insurance procured by the other. They testified also that since they discovered there was a double insurance, neither of them had made any claim upon the London company for the loss of the goods on which its policy was issued, but they did not testify that they had surrendered the policy, or notified the company that the insured disclaimed any benefit thereunder. We cannot find in their evidence any notice to the defendant company or its agents of such disclaimer until the record or amended proofs were filed, more than five months after the loss occurred. The reference to other insurance in the plaintiff's first proofs of loss was disingenuous, because it was so expressed that it might convey the impression that he did not then know of the existence of additional insurance upon his property, when the fact was that he knew of it immediately after the fire.

The learned judge instructed the jury to the effect that if the plaintiff did not authorize or ratify the additional insurance, and if when he was informed of it he promptly repudi-

ated it, his claim upon the policy in suit was not affected by it. From that portion of the charge which related to the claim of the plaintiff that he did not know until after the fire that his wife had taken out additional insurance, we quote as follows : " Did he know that before the fire ? He says he did not, and she says he did not. After the fire what was his duty ? As soon as he found it out his duty was immediately to disavow it, which he says he did. He says he told the agent about the policy, and told him he did not recognize it at all. I say to you that if you find that he really did not know it, did not know his wife had taken out this policy, and as soon as he found it out he told the agent of the defendant company, ' I do not recognize that at all, I know nothing about it, I stand on my policy with you,' he can recover provided the other facts are made out." The vice of this instruction was that the plaintiff was inadvertently represented by it as having sworn to that which nowhere appears in his testimony. It was a clear misstatement of the evidence on a vital point in the case, and as it is probable that the defendant company was injured by it we sustain the first specification of error.

The majority of the court are not satisfied that the learned judge erred in the other instructions complained of, and the second, third and fourth specifications are overruled.

Judgment reversed and venire facias de novo awarded.