NATIONAL UNION FIRE INS. CO. v. PROVINE.*

(Division B.   Nov. 28, 1927.)

[114 So. 730.   No. 26709.]

1. APPEAL AND ERROR. *In determining propriety of refusal of directed verdict for appellant, evidence must be taken strongly in appellee's favor.*

   In determining propriety of refusal to direct verdict in favor of appellant, evidence must be taken most strongly in appellee's favor, and every material fact favorable to his case, which evidence tends to prove either directly or by reasonable inference, must be taken as true.

2. INSURANCE. *Insured is bound by statement in proof of loss that there was no additional insurance on property.*

   Insured is bound by statement made in proof of loss that there was no additional insurance on property covered by policy, notwithstanding he did not know that proof of loss contained such statement, since it was his duty to read proof of loss and see for himself what it contained.

3. INSURANCE. *Insured, taking additional insurance after insurer's mistakenly informing him policy had expired, cannot recover after denying additional insurance in proof of loss.*

   Where insured, after insurer mistakenly informed him that policy had expired, purchased additional insurance and after loss stated to insurer in proof of loss that he had no additional insurance, policy is void in accordance with provision therein forbidding additional insurance without company's consent, since insured, by failing to inform insurer of additional insurance before adjustment and settlement, stood in same attitude as if he had taken such additional insurance with knowledge that policy had not expired.

4. INSURANCE. *Breach of additional insurance clause in fire policy avoids policy, without regard to insured's knowledge.*

   Breach of additional insurance clause in fire policy will avoid policy, although insured was ignorant of such clause or ignorant of fact that additional insurance had been taken out by him.

5. INSURANCE. *Breach of additional insurance clause in .policy with respect to residence did not affect validity of policy as to furniture.*

Breach by insured of additional insurance clause in policy with respect to residence has no effect on validity of policy as to household and kitchen furniture as to which no additional insurance was effected, since policy separately insuring each item constitutes divisible policy, and validity of insurance under one item has no effect on validity of other items.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 765, n. 93; Fire Insurance, 26CJ, p. 260, n. 28, 29, 30, 31; p. 261, n. 40 New; p. 263, n. 80; p. 381, n. 75. On the question of breach of condition as to other insurance as avoiding policy, see 14 R. C. L. 1135; 3 R. C. L. Supp. 346.

APPEAL from circuit court of Calhoun county.

HON. T. E. PEGRAM, Judge.

Action by O. T. Provine against the National Union Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered.

*J. H. Ford,* for appellant.

It is now too well settled for argument that a provision in a fire insurance policy rendering same void if insured then had or should thereafter take any other insurance, whether valid or not, on the property covered by such policy, without the consent of the insurer, is valid and will be literally enforced by the courts. 6 Cooley's Briefs on Insurance, p. 596; *Interstate Fire Ins. Co.* v. *Nelson,* 105 Miss. 437, 62 So. 425; *Scottish Union & National Ins. Co.* v. *Warren Gee Lumber Company,* 118 Miss. 730, 80 So. 9.

There was not only a duty on appellee's part not to remain silent but to speak and inform appellant of the existence of the policy on this property with the Palmetto Fire Insurance Company. He was called upon in the proof of loss to reveal the existence of that policy but failed to do it. In the face of those facts his statement on the trial that he did not conceal anything from appellant

cannot be taken seriously. This is aside from the testimony for the defense that the adjuster asked him the direct question before he proceeded to take proof of loss whether he had any other insurance and that appellee then and there said there was no other insurance on the property. It is just as much fraud in law for one party to remain silent when it is his duty to speak as would be a positive misrepresentation of the facts. 12 R. C. L. 305, *et seq.; Jones* v. *Metzger,* 132 Miss. 247, 96 So. 161.

At the time appellee received the letter from appellant to the effect that its policy expired on April 22, 1923, he had that policy in his possession. It showed on its face that it did not expire until April 22, 1925. He was bound to have known that he paid the installment of the premium note that accrued on April 22, 1923, and again on April 22, 1924. He could not just sit down and neglect to examine the policy and rely on the mistaken statement in the letter. "The policy itself had been, for a long time in the assured's possession, and if he did not read the terms thereof he is bound thereby nevertheless. He cannot lay the policy aside and contend that he does not know the provisions in the policy that are contrary to his interests, while claiming his rights under the provisions therein contained that are favorable to him." *Holmes Mutual Fire Insurance Co.* v. *Pittman,* 111 Miss. 420, 71 So. 739; *Hartford Fire Ins. Co.* v. *McCain,* 106 So. 529. Forgetfulness on appellee's part would not justify him in violating the provisions of the policy by taking out the policy with another Company without appellant's consent. The condition of the policy having been broken, appellee's good or bad faith was immaterial. 26 C. J., p. 260, par. 325; 11 Cooley's Briefs on Insurance, pp. 598, 603, 604 (1838); *Interstate Fire Ins. Co.* v. *Nelson,* 105 Miss. 437, 62 So. 425; *Sugg* v. *Hartford Ins. Co.,* 98 N. C. 143, 3 S. E. 732; *Pa. Fire Ins. Co.* v. *Kittle,* 39 Mich. 51; 6 Cooley's Brief on Insurance, p. 598 (1838) (c).

The letter of November 6, 1924, from appellant to appellee could not constitute a waiver of the clause of its policy against additional insurance. It did nothing more than invite correspondence with appellee relative thereto. It merely said *"according to our records* you have no insurance in the National Union Fire Insurance Company," as such records showed the policy expired on April 22, 1923. If appellee had examined his policy and receipts and had written to appellant calling attention to the mistake, it would have been immediately discovered and corrected. See 26 C. J., pp. 284-285, par. 354.

It is not questioned that the statement contained in this letter that the policy had expired on April 22, 1923, was an "honest mistake of opinion" on the part of the agent who wrote it. It was not such a statement as justified appellant "in believing that he might fail to comply with the provision of the contract and nevertheless recover on the policy in case of loss," for he had the policy in his possession and all he had to do with the least diligence was to refer to it and discover the mistake of appellant. Nowhere does the letter hold out to appellee any idea that, if the policy had not expired or was still in force or if he had any other policy with that company, any of its provisions would be waived. It was held in *Scottish Union & National Insurance Company* v. *Bailey,* 114 Miss. 732, 75 So. 593, that the expression of the agent that "anything you and Bailey do will be all right," did not constitute a waiver of the mortgage clause of the policy there under consideration.

There could be no such thing as "additional" insurance under appellant's policy without its consent thereto or without a waiver of that prohibition in its policy. It could not have waived, or been estopped by, some thing of which it had no knowledge whatever.

There is another reason why the peremptory instruction asked for appellant should have been granted. Appellee pleaded that he took the additional insurance with the Palmetto Fire Insurance Company because of the

receipt of the letter from appellant dated November 6, 1924, to the effect that the policy sued on had expired on April 22, 1923, and was not then in force and in "the utmost good faith and in dependence on the notice contained in said letter from" appellant. That the statement contained in that letter was an error or mistake was shown even by the evidence for the plaintiff. It cannot be disputed that but for that letter the taking of that additional policy amounted to an absolute forfeiture of appellant's policy as being in violation of its provisions. No other excuse therefor was pleaded or offered. Appellee was bound, therefore, to notify appellant of this additional insurance so taken under mistake of fact and to promptly repudiate same as soon as he discovered the mistake and that appellant's policy had not expired at the time of the fire. He could not claim on this additional policy so taken in good faith through error and by mistake of the facts as he contends, and at the same time recover on appellant's policy which was violated and forfeited by the taking of such additional insurance. By accepting settlement on this additional policy after knowledge that appellant's policy had not expired at the time of the fire he ratified the forfeiture of appellant's policy in the taking of such additional insurance as of the date of the issuance of such additional policy and this rendered appellant's policy void as of and from that date. *Sugg* v. *Hartford Ins. Co.,* 98 N. C. 143, 3 S. E. 732; *Hughes* v. *Ins. Co. of North America,* 40 Neb. 626, 59 N. W. 112; *German Ins. Co.* v. *Emporia Mutual Loan Savings Ass'n,* 9 Kan. App. 803, 59 Pac. 1092; *McKelvey* v. *Ins. Co.,* 161 Pa. 279, 28 Atl. 1115; *American Ins. Co.* v. *Crawford,* 110 Miss. 493, 70 So. 579; 26 C. J., p. 260, par. 326.

So far as we have been able to find the holdings of the courts are uniform that where additional insurance is forbidden and is taken later through mistake, error, or forgetfulness of the fact, by any insured after discovery of the mistake or error, the insured cannot recover on the

original policy thus forfeited, as a reference to the cases and authorities above cited will show.

*Stone & Stone,* for appellee.           · .

We have examined the McKelvy, Hughes, Sugg, and German Insurance Company cases cited by appellant, but the letter from the Company to Oscar Provine takes the case at bar out of the class of these cases entirely. In none of the cases he cites is there any fault or action on the part of the Insurance Company either consenting to additional insurance or estopping them from objecting to the taking of additional insurance. The latter is the keynote.of the case at bar. Opposing counsel says that Provine should have looked up the policy and should have found out that this statement of the company was wrong and should have protested the same at that time, but we confess that it is a new doctrine to us, that a man cannot in good faith rely on the statements of his adversary; that is, when he does not know that the statement is untrue and accepts it as absolute truth. Of course, when Provine accidently discovered the policy later at his father's home in the neighborhood and found that it had not expired at the time of loss, he would not be precluded from making claim, and his claim was not denied but was admitted. The single point of contradiction as to the proofs of loss and the question being asked as to other insurance has been decided in appellee's favor by the jury under proper instructions and, therefore, we will lose no further time on that, but will now take up the proposition that counsel claims that appellee was out of court because long and subsequent to the adjustment of the loss with appellant and the dishonoring of the draft by the appellant, the appellee took up with the additional insurance people the matter of settlement and compromised his claim and settled it for seven hundred dollars. Now, opposing counsel purports to sustain his position by citing a number of cases about ratifica-

tion, but every one of his cases will be found to bear the same inherent defect, that is, they are all cases where the insured was entirely at fault in the beginning and never had been authorized to take the additional insurance, this fact absolutely separating these cases from the case at bar, and destroying the application in its entirety.

We have any number of cases where an insurance company being delinquent on some feature has been estopped to oppress the policyholder, none directly in point as it is a matter of common knowledge that very seldom does the same identical point come up for review, but showing very plainly the rule that in order to invoke the strict letter of the law the company must be blameless. *Phoenix Ins. Company* v. *Bowdre,* 67 Miss. 620, 70 So. 596, 19 A. S. R. 326; *Liverpool, etc., Ins. Company* v. *Sheffey,* 71 Miss. 919, 16 So. 307; *Etna* v. *Smith-McKennon & Son,* 117 Miss. 327, 78 So. 289; *Scottish Union & National Ins. Company* v. *Wiley,* 70 So. 835, 110 Miss. 681; *American Life Ins. Co.* v. *Malone,* 56 Miss. 180. We desire to call special attention to the case of *Riveria* v. *Queens Ins. Co.,* 67 Miss. 720, said case in a short but emphatic opinion by Judge ARNOLD being so important on this question of good faith on the part of all the interested parties; better than that it shows that it does not take matter of bad faith on the part of the company to constitute estoppel and waiver and consent in matters of this kind and all others concerned with the policy dealings. If they have by carelessness or acquiescense misled a policyholder, then they are cast upon other provisions of the policy not so oppressive to the policyholder.

There is also a cardinal rule of construction as we understand it that the provisions of the policy are to be taken more strictly against the insurer.

ANDERSON, J., delivered the opinion of the court.

Appellee brought this action in the circuit court of Calhoun county against appellant to recover on a draft

for two thousand two hundred fourteen dollars and fifty-six cents theretofore drawn by appellant in favor of appellee and dishonored by the appellant when presented for payment, which draft represented the amount of fire loss suffered by appellee on his residence and household and kitchen furniture. At the time of the fire loss, appellee's residence and household and kitchen furniture were covered by a fire insurance policy issued by appellant to appellee in the sum of three thousand dollars of which sum two thousand dollars covered his residence, and one thousand dollars his household and kitchen furniture. The appellant and appellee adjusted the loss, by agreement, fixing the amount at two thousand two hundred fourteen dollars and fifty-six cents, of which two thousand dollars was the loss on the residence, and two hundred fourteen dollars and fifty-six cents the loss on household and kitchen furniture. After adjusting the loss, appellant drew the draft sued on, in favor of appellee, and delivered it to the latter, which draft, as stated, was later dishonored by appellant when presented for payment. There was a trial resulting in verdict and judgment for appellee for two thousand sixty-eight dollars and sixty-eight cents, from which appellant prosecutes this appeal.

Appellant assigns as error the action of the court in refusing a directed verdict in its favor. In determining the propriety of that action of the court, the evidence must be taken most strongly in appellee's favor. Every material fact favorable to appellee's case which the evidence tends to prove, either directly or by reasonable inference, must be taken as true. So viewing the evidence, the appellee made the following case: At the time of the fire loss on appellee's residence and household and kitchen furniture, appellee held a fire insurance policy issued to him by appellant in the sum of three thousand dollars, which, by its terms, covered fire loss on the residence in a sum not exceeding two thousand dollars, and on household and kitchen furniture in a sum not exceed-

ing one thousand dollars. This policy was in force at the time of the fire, but the appellee was unaware of that fact. It was a five-year policy and expired the 22d day of April, 1925. The fire occurred on April 14, 1925. On the 27th day of October, 1924, the appellee wrote to the appellant for permission to remove a part of his household and kitchen furniture from his residence on the farm to some other place. Replying to that letter, appellant, under date of November 6, 1924, wrote the appellee the following letter:

"This will acknowledge receipt of your favor of October 27th, advising that you have moved part of your household furniture to town, and left part of it on your farm. Please be advised that your policy No. 2188 which covered this property expired April 22, 1923, and, according to our records, you have no insurance in the National Union Fire Insurance Company. Should you have a policy other than 2188, kindly furnish us with the number."

This letter was written by appellant through mistake of one of its clerks, who confused appellee's insurance policy with some other in answering his letter. The fact was, as stated, that appellee's policy with appellant was in force at that time, and also at the time of the fire loss on appellee's residence and household and kitchen furniture. On receipt of that letter from appellant, the appellee failed to examine his policy with appellant for the purpose of ascertaining whether it had expired. Appellee assumed that appellant knew the expiration date of the policy and had correctly stated it; and, thereupon, on November 14, 1924, appellee procured from the Palmetto Fire Insurance Company additional insurance against loss by fire on his residence in the sum of one thousand dollars, and this policy of insurance was also in force at the time of the fire loss. Immediately after the fire, appellee examined his policy of insurance with appellant and, finding that it was in force at the time of the fire, thereupon notified appellant of that fact. Up-

on examination of its records, appellant found the policy was in force at the time of the fire. Shortly after this, appellant sent an adjuster to confer with the appellee with a view of adjusting the loss, and the loss was duly adjusted between appellant's adjuster and appellee, resulting in the drawing of the draft sued on in favor of appellee. Appellee made written application to appellant for the insurance, representing therein that he had no insurance against loss by fire on his residence and household and kitchen furniture; and, in making proof of loss before the adjustment of the loss, appellee made and signed an affidavit in which he stated he had no additional insurance in any other company. Appellee admitted in his evidence that, in making out the proof of loss and adjustment thereof, he did not inform appellant's adjuster of the additional insurance in the Palmetto Fire Insurance Company, and also admitted that he furnished most of the information embodied in the proof of loss, but appellee denied (and this must be taken as true) that he read the proof of loss and noticed the statement that there was no additional insurance on his residence and household and kitchen furniture. After the drawing and delivery by appellant to appellee of the draft sued on, but before its presentation for payment, appellant learned that, at the time of the loss, appellee had the additional insurance with the Palmetto Fire Insurance Company. Thereupon appellant dishonored the draft. After the adjustment of the loss with appellant under its policy, the appellee proceeded to the adjustment of the loss with the Palmetto Fire Insurance Company under its policy on the residence, resulting in payment by the latter company to appellee of the sum of seven hundred dollars which represented the agreed liability of that company to appellee.

Appellee's policy with appellant contained the unusual additional insurance clause in this language:

"If the insured, without written consent hereon, has now, or shall hereafter procure, any other contract of

insurance, whether valid or not, on any of said property, then this policy shall be null and void.''

To appellee's declaration, appellant pleaded the general issue and gave notice thereunder that, on the trial, it would prove by way of defense to the action that the draft sued on was given in settlement of a fire loss covered by its policy, and that there was no consideration for the giving of the draft, because the appellee had avoided the policy by taking additional insurance on the residence with the Palmetto Fire Insurance Company, without the consent of appellant; that the existence of the additional policy had been concealed from appellant by appellee, and was unknown to appellant at the time of the adjustment of the loss and the giving of the draft. Replying to the notice under the general issue, appellee set up that appellant was estopped to take advantage of the additional insurance clause in the policy, because, by its letter to appellee, dated November 6, 1924, it had led appellee to believe his policy with appellant had expired. And that, acting on the truth of that statement, appellee had procured the additional insurance with the Palmetto Fire Insurance Company, in good faith, and without any intention of violating the additional insurance clause in the policy issued to him by the appellant.

Appellee does not deny that the additional insurance clause of the policy involved was a valid contract between the parties, nor that a violation of such clause, ordinarily, would avoid such a policy, but appellee's position is that, under the facts of this particular case, the appellant is estopped to take advantage of the appellee's violation of that clause in the policy; that, by its letter of November 6, 1924, appellant led appellee into taking the additional insurance with the Palmetto Fire Insurance Company, and, having done so, appellant cannot rely on the violation of the additional insurance clause in the policy.

Appellee will not be heard to deny that in his proof of loss, he represented to appellant that there was no

additional insurance on the residence.  There is no claim that appellee was induced by false and fraudulent representations, made by appellant's adjuster, to sign and make affidavit to the proof of loss.  Appellee was bound by the statement made in the proof of loss that there was no additional insurance on the residence, notwithstanding he did not know the proof of loss contained such a statement.  It was his duty to read the proof of loss and see for himself what it contained.  What this court said in *Home Fire Insurance Co.* v. *Pittman,* 111 Miss. 420, 71 So: 739, with reference to the knowledge chargeable to the insured as to the provisions of a fire insurance policy, has equal force and application to the proof of loss under such a policy.  The court held in that case, where a fire insurance policy had been in the possession of the insured, that he was bound by its terms, although he had not read it; that he could not lay aside his policy, and contend that he did not know its provisions which were contrary to his interests, and claim rights under other provisions favorable to his interests.

It was appellee's duty, as soon as he discovered that his insurance with appellant had not expired, to notify appellant that he had taken additional insurance with the Palmetto Fire Insurance Company.  It is undisputed in the evidence that appellee failed to do this at any time—either before or after the fire loss.  Appellee should have notified the appellant of such additional insurance and of the circumstances attending the taking thereof; that such additional insurance was taken under a mistake of facts induced by appellant's letter of November 6, 1924, to appellee, and as soon as appellee discovered that his policy with appellant had not expired at the time of the fire, he should have promptly repudiated his additional insurance, in order to claim the benefit of his policy with appellant.  He could not claim under both policies.  At the time he took the additional insurance with the Palmetto Fire Insurance Company, if he had known that his policy with appellant had not ex-

pired, the taking of the additional insurance would have been tantamount to a repudiation of his insurance with appellant, because he is bound to have known that it would have avoided his policy with appellant.  By accepting settlement with the Palmetto Fire Insurance Company, after knowledge on his part that his policy with appellant had not expired at the time of the fire, appellee, with . full knowledge of all the facts ratified the breach of the additional insurance clause of appellant's policy, and such ratification related back to the date the additional insurance was taken.  In other words, the appellee, by failing to inform appellant of the additional insurance before the adjustment and settlement between them, stood in the same attitude, exactly, as if he had taken the additional insurance, knowing at the time, that his policy with appellant had not expired.

Although it be true that appellee was led into taking the additional insurance by appellant's letter of November 6, 1924, as soon as he discovered that his policy with appellant had not expired at the time of the loss by fire, it became his .duty, before settlement with either appellant or the Palmetto Fire Insurance Company, to repudiate one or the other of the policies.  He could not stand on both.  ιA. branch of the additional insurance clause in a fire insurance policy will avoid the policy, although the insured was ignorant of such a clause being in the policy, or ignorant of the fact that the additional insurance had been taken out for him.  The additional insurance clause will be violated also when such additional insurance is taken out by the insured in forgetfulness of his previous policies.  If the additional insurance clause is violated, the good faith or the bad faith of the insured in breaching the clause is wholly immaterial.  Even where additional insurance is taken out by a third person, without the knowledge or consent of the insured upon the same property as that of the insured, on discovery of the additional insurance, the insured is bound to disclose its existence to his insurer, and unequivocally dis-

claim any benefits therefrom, and if in such case the insured accepts payment for loss under the policy for the additional insurance, the prior policy is forfeited and he can claim no rights thereunder. 26 C. J. 260, section 325; 2 Cooley's Briefs on Insurance, p. 1838; *McKelvy* v. *Ger. Amer. Ins. Co.*, 161 Pa. 279, 28 A. 1115. At most, appellee might have the right, on account of having been misled by appellant into taking the additional insurance, to recover of appellant the expense incurred in so doing.

It follows from these views that, regardless of the uprightness and good faith of appellee, he is clearly not entitled to recover anything for the loss on his residence, but as to his household and kitchen furniture there is a different question. The Palmetto Fire Insurance Company's policy only covered insurance on his residence. There was no additional insurance on his household and kitchen furniture. This court held in *Scottish Union Ins. Co.* v. *Lumber Co.*, 118 Miss. 740, 80 So. 9, that, where each item was separately insured in a fire insurance policy, such policy is what is known as a divisible policy, and the validity of the insurance under one item would have no effect upon the validity of the other items of insurance; that such policy, in effect, is the same as if there were separate policies of insurance on each separate item.

Although this question is not argued, it appears to the court that the breach by appellee of the additional insurance clause in his policy with appellant as to his residence had no effect on the validity of the policy as to the household and kitchen furniture as to which no additional insurance was effected. The court below ought to have directed a verdict for appellant as to the question of liability for loss on the residence, and as to the loss on household and kitchen furniture we see no reason why appellee was not entitled to a directed verdict for the amount agreed upon at the time the adjustment was made and the draft sued on given.

Reversed and judgment here for appellee for two hundred fourteen dollars and fifty-six cents, with six per cent. interest thereon from January 2, 1925, being appellee's fire loss on household and kitchen furniture, as adjusted between appellant and appellee at the time of giving the draft sued on.

*Reversed in part, and affirmed in part.*