KENNEDY *v.* THE ANDREW JACKSON FIRE INS. Co., et al.

No. 39897          February 6, 1956          85 So. 2d 176

*Satterfield, Shell, Williams & Buford,* Jackson, for appellant.

*Jackson & Ross,* Jackson, for appellee.

LEE, J.

This is a suit in the name of Douglas Ray Kennedy for the use and benefit of Globe Indemnity Company, assignee, against Andrew Jackson Fire Insurance Company and others to enforce alleged subrogation rights. At the conclusion of the evidence, the learned chancellor found for the defendants and dismissed the bill of complaint with prejudice. From the decree entered the complainant appealed.

Douglas Ray Kennedy, a soldier, was stationed at Keesler Field near Biloxi. He and his wife, on April 10, 1951, purchased a house trailer from Southern Trailer Distribution. There was a trade-in allowance; and they executed a conditional sales contract for the deferred balance, which showed the details of the transaction, including the amount and items of insurance. The insurance premium was $172.50, but this amount did not include collision coverage. The trailer was used as a mere place to live, and was not being moved on the highways. Since there was no occasion for collision insurance, none was applied for or taken out. The conditional sales contract was assigned to Warren Credit Company.

Provision (3) of the conditional sales contract forbade the removal of the trailer from the county in which it was then located without the written consent of the seller or its assigns. Provision (4) thereof required the buyer to insure the trailer against fire, theft, and other hazards; and if he failed to do so in a satisfactory manner, the holder had authority to insure it and add the cost as a part of the purchase price.

Kennedy was instructed, at the time of purchase, to notify the finance company before he moved the trailer; and he gave notice to the seller of his intention by word of mouth about November 1, 1951. Thereafter on January 2, 1952, he applied to Globe Indemnity Company for collision insurance on the trailer, and paid a premium of $51.61 in cash. He did not know at the time that there

was other collision insurance on the trailer; and he represented that there was none outstanding. A policy was issued, and thereafter the trailer was damaged beyond repair on April 2, 1952. Globe Indemnity Company on June 10, 1952, paid Warren Credit Company the balance of $1,466.60 due on the purchase price and the excess thereover of $483.40 to Kennedy, and took a release from Kennedy in satisfaction of the damage, and was subrogated to his rights against all others in respect to the payment made.

Following notice of intention to move the trailer, Andrew Jackson Fire Insurance Company, under a so-called ''bordeau'' report, which names a number of contracts, on November 20, 1951, issued a collision insurance policy on the trailer although Kennedy had not requested this action when he gave notice of his intention to move the trailer.

█ █ The proof for the defendant insurance company was to the effect that the issuance of this policy was a mistake; that the Warren Credit Company had been a partnership, but that it was split up into two parts, and, to simplify matters, the insurance coverage on all of its contracts was placed with Credit Insurance Agency under one master policy; that the agency erroneously issued the policy for Kennedy's trailer; that the error was not discovered until after the wreck; and that the policy was not delivered either to Warren Credit Company or Kennedy until after the wreck. In other words, although a policy had actually been written for the trailer, neither Kennedy, the owner, nor Warren Credit Company, the holder of the conditional sales contract, had requested the issuance of the policy or knew about its issuance until after the wreck; and that its issuance was simply a mistake.

Inasmuch as Kennedy, in giving notice that he expected to move his trailer, said nothing whatever about in-

surance, it seems to follow that his purpose in so doing was to comply with provision (3) above only. Insurance was not mentioned. Before he got ready to move his trailer, he obtained collision insurance on it. He knew that he had not previously taken out such insurance on the trailer; and evidently out of respect for his obligation, he did this because in moving it on the highways, the peril of collision would be created. Of course the holder had the right to insure against this hazard if Kennedy did not do so. But the duty devolved upon him first. He discharged that responsibility, and paid for the service. He did not know that other insurance had been taken. He represented that there was no other such insurance outstanding. The Warren Credit Company had no authority to insure the trailer unless or until Kennedy failed to do so in a manner satisfactory to it. This contingency had not arisen at the time of the issuance of the policy by The Andrew Jackson Fire Insurance Company. Kennedy made no conscious misrepresentation as to the insurance status. Consequently he purchased from Globe Indemnity Company a policy which validly insured his trailer against the peril of collision. Compare National Union Fire Insurance Co. v. Provine, 148 Miss. 659, 114 So. 730. Besides Globe Indemnity Company was fully apprised, before its payment to Kennedy, that Warren Credit Company was denying that it had secured collision insurance on the trailer. It knew, or at least could have found out, the exact status of the policy before the execution of the release and assignment.

While the manner in which the Andrew Jackson policy was handled is not, in any way, to be commended, yet, when the foregoing facts are taken into consideration, it is not hard to see why the chancellor, on the proof before him, was satisfied that the issuance of this policy was a mistake. The evidence was ample to sustain his conclusion.

It therefore follows that the decree of the lower court should be, and is, affirmed.

Affirmed.

*McGehee,* C.J., and *Hall, Kyle* and *Holmes,* JJ., concur.