AMERICAN INSURANCE COMPANY *v.* PRINE

No. 42307          April 22, 1962          140 So. 2d 284

*Hall, Callender & Dantin,* Columbia; *Watkins & Eager,* Jackson, for appellant.

*Henry E. Pope,* Columbia, for appellee.

ARRINGTON, J.

The appellant, American Insurance Company, appeals from a judgment of the Circuit Court of Marion County wherein the appellee, Marvin F. Prine, recovered a judgment in the amount of $5,000.

This suit was based upon a fire insurance policy issued by appellant to appellee on March 1, 1960, insuring his home in the amount of $5,000, which was destroyed by fire on January 11, 1961. The record discloses that on October 1, 1960, another fire insurance policy in the amount of $6,000 was taken out on his home. The policy issued by appellant contained the following provision:

"Other insurance may be prohibited or the amount of insurance may be limited by endorsement attached hereto. . . . . Total Insurance (does not apply to any of the perils named in the extended coverage)—Other insurance is prohibited unless the total amount of insurance, including the amount of this policy, is inserted in the blanks provided on the first page of this policy under the caption Total Insurance. This company shall not be liable for loss while the insured shall have any other insurance prohibited by this policy."

The appellant insurance company answered the declaration and filed an affirmative defense setting out that at the time of the fire loss complained of the appellee had other insurance covering the same property in the amount of $6,000, and that the existence of the prohibited insurance suspended the coverage of the policy in this case.

The appellee, plaintiff below, filed no reply to this affirmative matter set up by the defendant in its answer.

Paragraph 4 of Section 1475.5, Mississippi Code of 1942, Recompiled, provides as follows: "If the defendant desire to prove by way of defense in an action, any affirmative matter in avoidance, which by law may

have been proved heretofore under special plea he shall set forth in his answer to the action such affirmative matter and incorporate such defense therein, otherwise such matter shall not be allowed to be proved at the trial; and said answer shall fully set forth any special matter which the defendant intends to give in evidence in bar of the action; and when such matter shall have been set forth in said answer, the plaintiff shall, before the trial of the cause, file a written statement of any special matter which he intends to give in evidence in denial or avoidance of such special matter so given in the answer by the defendant, and to which it would have been necessary heretofore to reply specially had the defendant's defense been specially pleaded; and if such special matter be not so alleged by the plaintiff, evidence of such matters shall not be given at the trial.''

The record discloses that the appellee, over objection, was permitted to testify as follows:

''A   The day the Farm Bureau policy came my wife wanted to know whether I was going to keep this one down here or call Mr. Robertson to send my money back and I said I'd call him and let him make an endorsement on it and keep that policy for our own protection so I called Mr. Robertson, the agent for the Columbia Insurance Company, and—

''Q   He issued the policy to you?

''A   Yes, sir. I called him on the telephone and he told me he would make the endorsement down at the office and sometime when I came to town to bring the policy and he would put it on my policy.''

The admission of this evidence to avoid the affirmative defense set forth in the answer was reversible error. In the case of Calvert Fire Insurance Company v. Swain, 217 Miss. 773, 65 So. 2d 253, in construing paragraph 4, Section 1475.5, supra, the Court said:

"This provision of the statute evinces a definite intent and purpose on the part of the Legislature to require a defendant in the circuit court to fully disclose any affirmative defense that he may desire to introduce, and that such a defendant should no longer be permitted to interpose the defense under a plea of the general issue. But in requiring the defendant to do so, the Legislature made this provision of the statute a 'two-way street' by then requiring that when the defendant has set up an affirmative defense or defenses in his answer, the plaintiff shall then advise the defendant by a written reply of any special matter which he intends to give in evidence in reply to the special matter pleaded by the defendant. This is equitable, fair, and just, and the statute shall be enforced as written. The admission of the testimony on behalf of the plaintiff in seeking to avoid the affirmative defense set up in the answer of the defendant in the instant case, without having filed a reply to such affirmative defense setting forth the special matter intended to be proved in avoidance, constituted reversible error."

The appellant argues that the court erred in overruling his motion for a directed verdict. We are of the opinion that this assignment is well taken. Calvert Fire Insurance Company v. Swain, supra; Flowers v. American Insurance Company, et al., 223 Miss. 732, 78 So. 2d 886, and authorities there cited.

It follows that the judgment of the court below is reversed and judgment entered here for the appellant.

Reversed and judgment here for appellant.

*McGehee, C. J.,* and *McElroy, Rodgers* and *Jones, JJ.,* concur.