Zepponi *v.* Home Insurance Company

No. 42896       March 9, 1964       161 So. 2d 524

*Horace L. Merideth, Jr.,* Greenville, for appellant.

*Keady, Campbell & DeLong,* Greenville, for appellee.

GILLESPIE, J.

Alex Zepponi, Insured, sued Home Insurance Company, Insurer, on a fire insurance policy. The trial court directed a verdict for Insurer. Insured appeals.

Insurer issued to Insured a standard fire insurance policy which afforded fire and extended coverage insurance on farm property. The policy was dated January 24, 1956, and expired January 24, 1961. It was a renewal policy. The schedule of property covered embraced twenty-six buildings, including a barn which was insured for $1,000. About December 15, 1960, Insured went by the office of Insurer's agent in Leland and inquired about the cost of renewing his insurance. Insured then went to the office of the agent of the Mississippi Farm Bureau Insurance Company in Greenville where he learned that the premium would be about $200 less than that charged by Insurer. Insured applied for and was issued a policy by the Mississippi Farm Bureau Insurance Company covering the same property insured under the policy issued by Insurer. Insured knew that the policy issued in 1956 by Insurer was about to expire and it was his purpose to change from one insurance company to the other because of the difference of $200 in premium. Insurer did not notify Insured or its agent that additional insurance had been issued to him on the property covered by Insurer's policy. No question of waiver is involved.

On January 4, 1961, after the new policy had been issued by Mississippi Farm Bureau Insurance Company and before the expiration date of Insurer's policy, the barn insured under both policies burned. Insured collected the amount of $1,000 from the Mississippi Farm Bureau Insurance Company.

The policy in question contained the following clauses with reference to other insurance: "Other insurance may be prohibited or the amount of insurance may be limited by endorsement attached hereto."

The endorsement referred to reads as follows: "Other insurance is hereby prohibited unless the total insurance, including this policy, is listed in the following spaces." (The spaces were all left blank.)

The overall question for decision is whether the trial court erred in sustaining the motion for a directed verdict. There are three precise points of inquiry.

(1) Does the policy prohibit after acquired other insurance?

■■ ■ Insurer contends that since the other insurance was not acquired until after the issuance of Insurer's policy there was no violation of the other insurance clause. The other insurance clause does not refer specifically to after acquired insurance. The clause prohibiting other insurance is designed to prevent fraud or carelessness resulting from over-insurance. It is a reasonable and valid provision and a violation will avoid the policy. 29 Am. Jur., Insurance, Sec. 954. (We do not intend to impute bad faith, for there is no hint of fraud or bad faith in the case at bar.) A statement of the reason for the clause is to answer the question whether it prohibits other insurance after the policy has been issued. ■■ ■ The clause would not serve its purpose if other insurance could be acquired thereafter. This Court has foreclosed the question adversely to appellant. In American Insurance Co. v. Prine, 244 Miss. 69, 140 So. 2d 284, the policy sued on was issued March 1, 1960. It prohibited other insurance but did not specifically refer to insurance thereafter acquired. Other insurance was acquired October 1, 1960. This Court held the policy void because of the additional insurance.

(2) In order for violation of other insurance clause to constitute a defense is it necessary for the policy to expressly provide that violation will void policy?

■■ ■ In *Prine* and in other cases the policy contained the provision that the Insurer shall not be liable for loss while the Insured shall have any other insurance prohibited by the policy. Appellant argues that such provision is essential if the Insurer is to defend on the ground of violation of the other insurance clause. This Court adheres to the rule that a violation of the other

insurance clause voids the policy and is a defense to a suit for loss occurring while there is additional insurance in violation of the terms of the policy, even though the policy does not provide that such violation will void the policy. Buffalo Insurance Co. v. Borden, 211 Miss. 47, 50 So. 2d 895; Flowers v. American Insurance Co., 223 Miss. 732, 78 So. 2d 886. Kelly v. American Insurance Co. (Texas), 316 S.W. 2d 452, is not persuasive.

(3) Was Insurer charged with notice of the other insurance clause?

When the loss occurred the policy had been in force for five years, less a few weeks. The policy had been written in the Jackson Office of Insurer. No one remembered the circumstances surrounding the delivery of the policy except that Insurer stated that he never received it. After the loss the policy was found in the possession of the Federal Land Bank, the holder of a mortgage on Insured's property since before the issuance of the policy. A copy of the policy was found in the agent's office at Leland. Insurer testified that he had never seen the policy, and there was no proof to the contrary. Insured contends that under the circumstances he was not charged with knowledge of the other insurance clause. He relies upon Scottish Union & National Insurance Co. v. Wylie, 110 Miss. 681, 70 So. 835, where it was held that the Insured was not chargeable with knowledge of the other insurance clause in a policy issued December 16, 1913, and held in the office of the agent until the fire on December 24, 1913. Only eight days elapsed between issuance and the loss in that case. The case at bar is not controlled by the *Wylie* case. In the case at bar, five years had elapsed since the issuance of the policy and it was found in the possession of Insured's mortgagee. Obviously it was held by the mortgagee for Insured as well as for the mortgagee. ▆▆ ▆ We hold as a matter of law that Insured is charged with knowledge of the terms of the policy upon

which he relied for protection for nearly five years. Nearly all lenders demand insurance and hold the policy. ■ ■ We take notice that there are countless transactions where the mortgagees hold the fire insurance policies. Human memory is a frail record and the fact of delivery should not rest thereon after five years. We hold that under such circumstances there was a constructive delivery. There is no sound reason for holding otherwise.

We do not reach the question whether acceptance of the proceeds of the Mississippi Farm Bureau Insurance Company policy constituted an election and estopped Insurer from proceeding against the first insurer. See Insurance Company of Penn. v. Fitzgerald, 164 Miss. 279, 144 So. 684.

Affirmed.

*Kyle, P. J., and Ethridge, Brady and Patterson, JJ.,* concur.