**1346**

B. T. PRISSOCK, Plaintiff,

v.

WESTERN FIRE INSURANCE COM-
PANY, Defendant.

No. EC 72–107.

United States District Court,
N. D. Mississippi, E. D.

July 19, 1973.

Floyd W. Cunningham of Cunningham
& Cunningham, Booneville, Miss., Burris
O. Smith of Smith & Deramus, Louis-
ville, Miss., for plaintiff.

Thomas M. Murphree, Jr., Watkins &
Eager, Jackson, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on mo-
tion for summary judgment of defend-
ant Western Fire Insurance Company
(Western). The parties have submitted
the motion to the court on the record on
briefs without oral argument. The
court is of the opinion that the motion
is well taken and should be sustained.

The general rule applicable to the con-
sideration of a summary judgment by
the district court was clearly stated by
the United States Court of Appeals for
the Fifth Circuit in Arrington v. City of
Fairfield, Alabama, 414 F.2d 687, 692
(1969). The Arrington case held:

Under Federal Rule of Civil Proce-
dure 56(c), 28 U.S.C.A., a motion for
summary judgment is proper if the
pleadings, admissions, affidavits, etc.,
show that "there is no genuine issue
as to any material fact and that the
moving party is entitled to a judg-
ment as a matter of law". Rule 56
should be invoked cautiously in order
to allow a full trial where there is
bona fide dispute of facts. The law is
well settled that in order to entitle the
moving party to summary judgment
as a matter of law, it must be quite
clear "what the truth is". National
Screen Service Corp. v. Poster Ex-
change, Inc., 305 F.2d 647 (5th Cir.
1962). The court's duty is not to de-
cide factual issues on summary judg-
ment, but only to determine whether
there are factual issues to be tried.
Slagle v. United States, 228 F.2d 673
(5th Cir. 1956).

In order to defeat a motion for summary judgment, a party may not rest upon allegations or denials in the pleadings, but must set forth specific facts showing a genuine issue for trial. Garcia v. American Marine Corp., 432 F.2d 6, 7–8 (5th Cir. 1970). If there is no genuine issue as to any material fact, the court's duty is to determine whether the facts entitle Western to a judgment as a matter of law.

The admissions and answers to interrogatories in the record reflect the following undisputed facts material to the issues at hand. On May 20, 1963, plaintiff's home located on Route # 4, Louisville, Mississippi was destroyed by fire. Shortly thereafter plaintiff constructed a new home at the same location, and Western issued to plaintiff the insurance policy which is the subject matter of this action. The policy insured the property against loss by fire and other perils. The policy period was for a term of three years beginning November 30, 1963 and ending November 30, 1966. The policy provided coverage of $15,000 on the residence and $5,000 on its contents. On May 13, 1966, plaintiff purchased coverage from the Allstate Insurance Company (Allstate) similar to that afforded by Western's policy. The Allstate policy provided coverage of $20,000 on the home and $6,000 on its contents. The policy period began May 13, 1966 and ended May 13, 1967. The house and its contents were totally destroyed by fire on October 14, 1966.

Western's policy prohibited plaintiff from securing additional insurance on the property without its consent. The pertinent provisions are contained in the policy and in an endorsement attached thereto. The policy provision is:

OTHER INSURANCE. Other insurance may be prohibited or the amount of insurance may be limited by endorsement attached hereto.

The provision contained in the endorsement is:

VII. TOTAL INSURANCE (Applies only to the perils of Fire and Lightning): Other insurance is prohibited unless described on Credit for Existing Insurance Endorsement (CDP–16) or endorsed hereon. This Company shall not be liable for loss while the Insured shall have any other insurance prohibited by this policy.

Plaintiff did not secure the consent of Western to carry the additional insurance, although after purchasing the additional insurance and before the loss, he was in contact with Western's agent concerning renewal of the policy and had the opportunity to do so. Western did not know of the Allstate policy until after the fire.

Plaintiff gave as the reason for securing additional insurance and failing to give Western notice thereof, that Allstate's policy afforded more coverage at less cost than the Western policy, and it was his intention to switch the coverage upon the expiration of Western's policy. Plaintiff stated under oath, when questioned by counsel for Western soon after the fire, that he informed Allstate's agent from whom he purchased the insurance that he had a policy of insurance on the property with Western. The record does not contain a statement from Allstate's agent on this point. Plaintiff admitted, however, that he did not notify Western that he had acquired other insurance.

This action is *Erie* bound [1] and the court must apply Mississippi law in determining the substantive rights of the parties. Mississippi is committed to the doctrine that the violation of a clause in an insurance policy prohibiting the insured from obtaining other insurance without the consent of the insurer voids the policy and is a defense to a suit for a loss occurring while there is additional insurance in violation of the terms of the policy. Zepponi v. Home

1. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Insurance Company, 248 Miss. 828, 161 So.2d 524, 526 (1964); Flowers v. American Insurance · Company, et al., 223 Miss. 732, 78 So.2d 886 (1955); American Insurance Company v. Prine, 244 Miss. 69, 140 So.2d 284, 286 (1962).

■ Mississippi also recognizes the rule that "[i]f the additional insurance clause is violated, the good faith or the bad faith of the insured in breaching the clause is wholly immaterial." National Union Fire Ins. Co. v. Provine, 148 Miss. 659, 114 So. 730, 732 (1927). See also Zepponi v. Home Insurance Company, *supra,* 161 So.2d at 525. Thus, plaintiff's avowed intention to use Allstate's policy only as an extension of coverage after the expiration of Western's policy becomes immaterial.

The court can visualize that a disputed fact might arise between plaintiff and Allstate on the question of whether plaintiff informed Allstate's agent at the time he purchased Allstate's policy of the existence of the Western policy. The record reflects, however, that plaintiff has not pursued the coverage afforded by the Allstate policy. In answer to interrogatories submitted to him by Western, plaintiff states that he has no claim against Allstate, since Allstate's policy was not supposed to take effect until the expiration of Western's policy, and that Allstate has forwarded to him a check to refund the premium which he paid for the policy, informing him at the time that its policy was not in effect at the time of the fire. It is interesting to note, however, that when plaintiff was examined under oath, soon after the fire, he did not disclaim the right to pursue his claim against Allstate based upon the policy issued to him.

Plaintiff advances a rather novel defense to Western's claim of policy violation. Plaintiff argues that a violation of the "other insurance clause" in Western's policy can occur only where the other insurance is valid and effective. Plaintiff says that Allstate's policy contains a clause prohibiting him from having other insurance on the property in-

sured under the policy. Allstate's policy is not a matter of record, but the court will assume, for the purpose of this memorandum, that the policy contained the provision as plaintiff represents. Thus, plaintiff argues that the existence of Western's policy constituted a violation of the "other insurance clause" in Allstate's policy and rendered it void ab initio. Plaintiff reasons that since Allstate's policy did not become effective, plaintiff did not have other insurance within the meaning and scope of the clause in Western's policy. This question is discussed in 45 C.J.S. Insurance § 573, p. 365, where it is said:

> Where the second policy, like the first, contains a provision that it shall be void if insured has or 'obtains other insurance, while it has been held that the second policy is ipso facto void by virtue of the clause and of the prior insurance, and hence does not constitute a breach of the prohibition contained in the prior policy, it has also been held that the second policy is valid until avoided, and hence constitutes additional insurance within the prohibition of the policy. However, if the second policy, although voidable only, is treated as void by insurer issuing it, as soon as it has notice of the prior policy, the first insurer cannot avoid liability on the ground of additional insurance.

The court notes, in connection with the last sentence of the above quotation, that plaintiff contends that he informed Allstate's agent of the existence of the Western policy, when he applied for coverage with Allstate, yet Allstate issued the policy and accepted the premium regardless of such knowledge; also, that after the fire, when being examined under oath by counsel for Western, plaintiff was reluctant to disavow his claim for the proceeds of the policy issued by Allstate.

■ The parties have not directed the court's attention to any Mississippi decision which discusses the precise problem with which the court is con-

fronted in the action sub judice, and the court has found none on independent research.

The court is of the opinion, however, that the Mississippi Supreme Court, should the issue be submitted to it for determination, would not adopt plaintiff's interpretation of the rule under consideration.

In this action the insured deliberately violated his contract of insurance with Western when he acquired Allstate's policy without Western's consent. By this deliberate act on his part plaintiff provided Western with a complete defense to his claim for the proceeds of the policy.

An appropriate judgment will be entered by the court sustaining the motion for summary judgment and dismissing the complaint on the merits.