Joe E. **MISTER** and Hazel
Mister, Plaintiffs,

v.

**HIGHLANDS INSURANCE COMPANY**
and United States Fidelity and
Guaranty Company, Defendants.

No. WC85–220–NB–D.

United States District Court,
N.D. Mississippi, W.D.

Nov. 10, 1986.

James J. Fougerousse, Jackson, Miss., for plaintiffs.

Jay Gore, III, Grenada, Miss., Richard T. Lawrence, Jackson, Miss., for defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

The defendants, Highlands Insurance Company (hereinafter Highlands) and United States Fidelity and Guaranty Company (hereinafter USF & G), move the court for summary judgment in this action in which the plaintiffs charge that the defendant insurance companies unlawfully refused to pay over the proceeds of homeowner's insurance policies when the plaintiffs' home and its contents were destroyed by fire. After consideration of the pleadings and briefs filed by the movants (the plaintiffs did not respond to the motion), the court is of the opinion that both motions are well taken and should be granted. The undisputed facts are these:

The plaintiff, Joe Mister, purchased a standard homeowner's insurance policy with USF & G on December 29, 1977 with a face amount of $11,000.00 and scheduled to expire on December 28, 1978. The other plaintiff, Hazel Mister, after borrowing money to make improvements on the home and being told she needed more coverage, obtained a policy from Highlands on the same dwelling on January 28, 1978, good for a term of three years and in the face amount of $12,000.00 on the dwelling and $7,000.00 on the contents. Helen Mister told the Highlands agent about the USF & G policy and he responded that she would have to cancel it. She stated in her deposition that she decided since it was paid up for the remainder of the year, she would just let it run out rather than cancel it. On December 12, 1978, the plaintiffs home was destroyed by fire. After the plaintiffs notified both defendants of the loss, both defendants refused to honor the policies because of the "other insurance" provisions in both policies. The plaintiff brought this action against the defendants on January 30, 1985. Highlands suggests that the claim should be barred for two reasons: (1) expiration of the six-year statute of limitations and (2) violation of the "other insurance" provision in Highlands' policy. USF & G does not raise the statute of limitations issue but relies solely on the "other insurance" prohibition in its policy. The court is of the opinion that the defendants' motions for summary judgment should be granted both for statute of limitations reasons and violation of the "other insurance" prohibitions.

### Statute of Limitations

On December 12, 1978, the property which is the subject of this litigation was damaged by fire. This suit was filed on January 30, 1985. Using standard computations on the Gregorian calendar, the six-year statute of limitations provided for in Miss. Code Ann. § 15–1–49 (1972) expired prior to the date this complaint was received by the clerk of this court. Even if the court tolls the running of the statute until the claim of the plaintiffs was submitted to the defendants and denied, the statute of limitations had expired since the plaintiffs concede that their claim was denied by Highlands prior to December 31, 1978.

### Other Insurance Prohibitions

Both the policy of USF & G and of Highlands had provisions which prohibited

the policyholders from securing other additional insurance on the property. The USF & G and the Highlands policies contained the following provisions:

> *Other Insurance:* Other insurance may be prohibited or the amount of insurance may be limited by endorsement attached hereto.

> . . . . .

> *Total Insurance* (does not apply to any of the perils named in the Extended Coverage): Other insurance is prohibited unless the total amount of insurance, including the amount of this policy, is inserted in the blanks provided on the first page of this policy under the caption "Total Insurance." This Company shall not be liable for loss while the Insured shall have any other insurance prohibited by this policy.

■ The "other insurance" question was addressed by this court in *Prissock v. Western Fire Insurance Co.,* 360 F.Supp. 1346 (N.D.Miss.1973). The insurance policy in question contained a clause similar to the one *sub judice* prohibiting other insurance and providing that the insurer was not liable for loss while the insured had any other insurance prohibited by the policy. Prissock, without the insurer's consent, acquired a second fire policy. This court held that the "other insurance" clause in the first policy was violated even if the second policy had a similar clause which rendered the second policy void *ab initio.* It is undisputed that a second fire policy from Highlands was purchased during the term of the USF & G policy. An insured's deliberate violation of his contract of insurance with his first insurer by acquiring a second policy, without consent of the first insurer, provides the first insurer with a complete defense to the insured's claim for the proceeds of the policy. This court is *Erie* bound to follow the ruling of *Zepponi v. Home Insurance Co.,* 161 So.2d 524 (Miss. 1964), in which it was held that a violation of the "other insurance" clause in a policy voids the policy when there is additional insurance in violation of the terms of the policy, even though the policy does not

provide that such violation will void the policy. *Id.* at 526. In *National Union Fire Insurance Co. v. Provine,* 148 Miss. 659, 114 So. 730 (1927), the insurer wrote the insured that the policy had expired. The insured obtained coverage with another company. After the covered property burned, the insured submitted a claim for the proceeds of the more recent policy and obtained a settlement. After discovering that the letter from the first insurer was incorrect and the original policy had not expired, the insured brought suit on it even though it did contain a clause prohibiting "other insurance." The court ruled that even though the insured had not exhibited bad faith in obtaining additional insurance, the policy provision would be given effect nevertheless:

> Although it be true that appellee was led into taking the additional insurance by appellant's letter of November 5, 1924, as soon as he discovered that his policy with appellant had not expired at the time of the loss by fire, it became his duty, before settlement with either appellant or the Palmetto Fire Insurance Company, to repudiate one or the other of the policies. He could not stand on both. A breach of the additional insurance clause in a fire insurance policy will void the policy, although the insured was ignorant of such a clause being in the policy, or ignorant of the fact that the additional insurance had been taken out for him. The additional insurance clause will be violated also when such additional insurance is taken out by the insured in forgetfulness of his previous policies. If the additional insurance clause is violated, the good faith or the bad faith of the insured in breaching the clause is wholly immaterial.

*Id.,* 114 So. at 732.

■ It is evident under Mississippi case law that the plaintiffs herein violated the "other insurance" clause in the defendants' policies by making a claim on both the USF & G and the Highlands policies.

Because of both the expiration of the statute of limitations and the violation of

the additional insurance prohibition, either one of which standing alone would be sufficient to compel the granting of the defendants' motions, the defendants' motions for summary judgment will be granted and an order will issue accordingly.