INSURANCE CO. OF PENNSYLVANIA *v.* FITZGERALD.

(Division B. Dec. 5, 1932.)

[144 So. 684. No. 30286.]

Watkins, Watkins & Eager, of Jackson, and Price & Price, of Magnolia, for appellants.

Parsons & Street, of McComb, and J. T. Hutchinson, of Summit, for appellee.

Argued orally by **Pat Eager,** for appellant, and by **W. A. Parsons,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal from a judgment against the appellant in favor of the appellee, for one thousand three hundred thirty-seven dollars and seventy-three cents, alleged to be due as the result of a fire loss sustained to a dwelling house under a policy of insurance issued by the appellant and in force at the time of the fire.

There was a trial and judgment for the appellee, from which this appeal was prosecuted. .

It appears from the record that a policy had existed upon the dwelling house which was burned before it was purchased by the appellee, which policy had been assigned to the bank under the terms of a trust deed upon the property by the owner of the property before it was sold to Mrs. Fitzgerald. The agent of the insurance company and the bank which had the policy in custody arranged to transfer the policy to Mrs. Fitzgerald, the appellee, but the insurance agent suggested that, instead of transferring that policy which would expire on September 20th, he have issued a new policy in favor of the appellee which would expire in June of the following year instead of in September of that year, and this was done, but no notice thereof was given to Mrs. Fitzgerald. She was under the impression that the policy of insurance on the property she had purchased expired on September 20th, and directed her son, who attended school in the city where the insurance company did business, she living in the country, to see the agent of the insurance company and have him issue a new policy to her. The son went to the office, but, not finding the insurance agent there, he went to a Mr. Brent, representing the Bankers' & Merchants' Fire Insurance Company, and had him issue a policy of insurance upon the property. According to Mr. Brent's testimony, appellee's son delivered to him a check payable to Mrs. Fitzgerald and by her indorsed, that the amount of this check was greater than the premium, and that he went to the bank, cashed the check and gave the difference to appellee's son, and that this policy was carried on the books of the company as a live, valid policy until after the fire which destroyed the property.

The appellee, Mrs. Fitzgerald, testified that she did not authorize her son to take such a policy, and that she had never seen the policy, and had no knowledge or notice of its existence, until after the property was

destroyed by fire; that the first she knew of it was when the adjuster of the companies came out to investigate or adjust the loss; that the son subsequently told her of the policy, but that she had no knowledge prior to the loss, that there was more than one policy in force.

The insurance company, the appellant, declined to pay for the loss, and relied on the clause in the policy as a defense thereto reading as follows: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." The policy also provided that: "If this policy shall be canceled . . . and became void, or cease . . . the unearned portion (of the premium) shall be returned on surrender of the policy."

After the fire, Mrs. Fitzgerald wrote a number of letters to agents and adjusters, which were introduced in evidence in order to discredit her testimony. Some of these letters show on their face that she, apparently, had knowledge of the existence of two policies, and the jury would have been warranted had they believed from the whole testimony that she had such knowledge in treating these as admissions of such knowledge, but the jury were not compelled to do so. They had the right to believe her sworn testimony on the stand, and that the letters were written with the view of adjusting the matter and to get a settlement of her loss. In other words, the jury could find that her testimony was true, and that the letters were written without the information acquired before the loss. If Mrs. Fitzgerald did not know of the existence of the policy in the Bankers' & Merchants' Fire Insurance Company, and had not authorized her son to act in her behalf in procuring same, then there was, so far as she was concerned, no second policy in force.

We think the question was one for the jury on the evidence, and the evidence is not of the type and character to warrant the court in granting a peremptory instruction.

The appellant insurance company never returned the premium paid after learning of the loss, but merely offered payment with its plea. It contends that, under the stipulations, it was the duty of the appellant to promptly surrender the Bankers' & Merchants' Fire Insurance policy after learning of its existence. While that was the proper course for Mrs. Fitzgerald to have pursued, to have returned the policy and to have disclaimed any interest in it, still her information was acquired after the rights of the parties had become fixed by the burning of the property.

The testimony of Mrs. Fitzgerald shows that she never, at any time, expected to recover on both policies.

We do not think her failure to promptly return the policy and disclaim ownership was a point well taken, because she was not the rightful custodian of the policy, and because the rights, whatever they were, had already come into existence by the loss of the house by burning. If the policy had been delivered to her by her son, it would, of course, have been her duty to have returned it to the insurance company, and to have disclaimed all rights under it.

After full consideration of the record in this case, we are of the opinion that the judgment should be affirmed.

Affirmed.