LIVERPOOL & LONDON & GLOBE INS. CO. *v.* DELANEY.

(In Banc. Feb. 24, 1941.)

[200 So. 440. No. 34405.]

**Brandon & Brandon,** of Natchez, for appellant.

**W. A. Geisenberger,** of Natchez, for appellee.

408

**Smith, C. J.**, delivered the opinion of the court.

The appellee recovered a judgment in the court below on a fire insurance policy issued by the appellant. The policy stipulates: "no officer, agent or other representative of this Company shall have the power to waive any provision or condition of this Policy except such as by the terms of this Policy may be the subject of agreement endorsed hereon or added hereto; and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any,

shall be written upon or attached hereto, . . . This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; . . . This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy; . . . or if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple . . ." The appellant says that these provisions of the policy were violated by the appellee, and consequently the court below should have granted its request for a directed verdict in its favor.

The policy was issued by R. P. Stewart, a local agent of the appellant, to whom it supplied blank policies to be filled up, countersigned and issued by him, without referring applications therefor to the appellant. This policy was issued on a verbal application therefor by L. W. Delaney, the appellee's husband, who testified that he told Stewart of an insurance policy then covering the house to be insured, and answered such questions as Stewart propounded to him. Stewart also testified and admitted the verbal application for the policy but said that he did not remember that Delaney told him of the policy then on the house, and would say that he did not so tell him for the reason that a written memorandum made by him when the policy was applied for on which to issue it does not disclose this other policy on the house. The policy was not delivered to Delaney when he applied for it, but was thereafter mailed to the appellee, who received it in due course, but neither she nor her husband read it until after the house covered by it was destroyed by fire. The house and the land on which it was situated

was formerly owned by L. W. Delaney, who conveyed it to Rodriguez, who executed several purchase-money notes therefor secured by a deed of trust to Delaney. Delaney's deed to Rodriguez stipulates that "the grantor herein reserves unto himself, his executor, administrators, vendees and assigns an undivided one-half ($\frac{1}{2}$) interest in all oil, gas and minerals located on said land, together with the right to enter upon said land and explore for same in usual and customary methods." Delaney pledged these purchase-money notes to a bank, and, while they were so pledged, agreed with Rodriguez that he might pay off and discharge the notes by conveying the land to Mrs. Delaney, the appellee here, which he did. The bank had additional security for Delaney's indebtedness to it, would have surrendered the notes to him at any time if requested so to do, and did surrender them to him sometime after this insurance policy was issued.

The reservation to Delaney in his deed to Rodriguez of the one-half interest in the oil, gas and minerals in this land is valid; Moss v. Jourdan, 129 Miss. 598, 92 So. 689; and does not result in the grantee and his subsequent grantees not having "unconditional and sole ownership" of the land conveyed within the meaning of that clause in this insurance policy. "The purpose in requiring the insured to have the unconditional and sole ownership of the property insured is to give protection only to those upon whom the loss insured against would inevitably fall except for the insurance, and to avoid taking risks for those whose lack of interest or whose contingent interest in the property insured might tend to encourage carelessness or wrongdoing in the use or preservation of the property." 29 Am. Jur., Insurance, Sec. 599. L. W. Delaney's ownership of the minerals in this land gave him no sort of interest in the buildings thereon, and the loss occasioned by their destruction by fire would fall wholly on the owner of the surface of the land.

If Delaney advised Stewart of the existence of this

other insurance policy on the house here insured, which was for the determination of the jury, the stipulation in the policy that it would be void if the house covered by it was or would become covered by another insurance policy was waived, by his issuing the policy notwithstanding stipulations to the contrary therein. This Court has many times held in accord with the weight of authority elsewhere,—that a local agent of an insurance company who is furnished by it with blank policies to be filled up, countersigned and issued by him has all the powers of a general agent of a company when issuing such policies and may waive any of their provisions. Saucier v. Life & Casualty Ins. Co., 189 Miss. 693, 198 So. 625, relied on by counsel for the appellant, deals, in this connection, only with the effect of Section 5196, Code of 1930, on the authority of special agents of an insurance company, and has no application here.

Delaney does not claim to have told Stewart of the deed of trust on the property given him by Rodriguez, which he says he thought had been satisfied, but, be that as it may, he did not conceal its existence from Stewart for the reason that he was not requested to sign any written application for the policy and answered all questions asked him.

It follows from the foregoing views that the court below committed no error (1) in refusing to direct a verdict for the appellant; and (2) in making the other rulings of which the appellant complains.

Affirmed.