BUFFALO INS. CO. OF NEW YORK *v.* BORDEN.

Division B. Feb. 26, 1951.

No. 37815 (50 So. (2d) 895)

**Wallace, Greaves & Wallace,** for appellant.

Williams & Williams, for appellee.

**Arrington, C.**

This is an appeal from the Circuit Court of Pearl River County, Mississippi, wherein the appellee, Mrs. Louise Borden, recovered a judgment against the appellant Insurance Company in the amount of $2,152.67. The suit was based upon a fire insurance policy issued by the appellant to the appellee, insuring her home in the amount of $2,000. The appellant defended on the grounds that the provisions or the stipulations of the policy involved were violated by appellee in that she had other insurance on the house in question, and that the policy contained a provision reading as follows: "Other insurance is hereby prohibited unless the total insurance, including this insurance, is listed in the following spaces." The policy further provided: "No permission affecting this insur-

ance shall exist, or waiver of any provision be valid, unless granted herein or expressed in writing added hereto''.

The admitted facts in this record are that Lonnie Smith, agent for the appellant, issued an insurance policy to the appellee in the amount of $2,000, collecting the premium, and giving his receipt therefor. Later the house was totally destroyed by fire. The appellee, at the time this policy was issued to her, had in force another policy with another company in the amount of $1,000.

The evidence on the part of appellee was that six or eight months prior to the time the policy was issued by the appellant, through its agent, Lonnie Smith, she had occasion to be in Smith's office on other business, and while there the agent Smith solicited her insurance business. Appellee informed him she had a $1,000 policy on her house with another agency; that she owed the bank, and that this policy was just enough to pay the indebtedness. The agent then told her she had a nice place, and he did not think she had enough insurance on it. She told him she was not financially able to take out any more insurance, but that as soon as she could she would take out a policy with him, to which he replied, ''Fine.'' Six or eight months later appellee called Smith on the telephone and told him she was ready for another policy, and she asked him how much the premium would be on $2,000. He told her the premium would be $15.44. She later sent her father down with the premium money to pick up the policy, and he returned the policy and the receipt to her.

Smith testified on behalf of the appellant and denied the telephone conversation with the appellee as testified to by her. He did not deny, however, the conversation with her in his office six or eight months prior to the issuance of the policy. He further testified that he issued the policy and gave it to her father, Mr. George Holden; that he asked Mr. Holden if there was any other insurance on the house; that Mr. Holden said there was not. He also testified that he was familiar with or knew the house.

Mr. Holden testified that he picked up the policy; that Smith, the agent, prepared it while he was there; that he paid Smith for it, and that Smith did not ask him anything about other insurance on the house.

The appellant contends that the lower court erred in refusing its request for █ a peremptory instruction on the grounds that the provisions of the policy were violated by the appellee in that there was other insurance on the house. The evidence in this case shows that Smith, as the general agent for appellant, issued this policy on a verbal application therefor, and under the law he could waive any of the provisions of the policy. The only question presented here for decision is whether or not the appellee told Smith that she had another policy on her home in the amount of $1,000. We are of the opinion that this presented a question for the jury.

This case is controlled by the case of Liverpool & London & Globe Ins. Co. v. Delaney, 190 Miss. 404, 200 So. 440, 441. The facts in this case which are pertinent here are stated by the Court as follows: ''The policy was issued by R. P. Stewart, a local agent of the appellant, to whom it supplied blank policies to be filled up, countersigned and issued by him, without referring applications therefor to the appellant. This policy was issued on a verbal application therefor by L. W. Delaney, the appellee's husband, who testified that he told Stewart of an insurance policy then covering the house to be insured, and answered such questions as Stewart propounded to him. Stewart also testified and admitted the verbal application for the policy but said that he did not remember that Delaney told him of the policy then on the house, and would say that he did not so tell him for the reason that a written memorandum made by him when the policy was applied for on which to issue it does not disclose this other policy on the house. The policy was not delivered to Delaney when he applied for it, but was thereafter mailed to the appellee, who received it in due

course, but neither she nor her husband read it until after the house covered by it was destroyed by fire.''

Upon these facts the Court held as follows: ''If Delaney advised Stewart of the existence of this other insurance policy on the house here insured, which was for the determination of the jury, the stipulation in the policy that it would be void if the house covered by it was or would become covered by another insurance policy was waived, by his issuing the policy notwithstanding stipulations to the contrary therein. This Court has many times held in accord with the weight of authority elsewhere,—that ██ ██ a local agent of an insurance company who is furnished by it with blank policies to be filled up, countersigned and issued by him has all the powers of a general agent of a company when issuing such policies and may waive any of their provisions.''

The appellant also contends that the court erred in granting the appellee an instruction, and that the verdict was against the overwhelming weight of the evidence. We have carefully examined these assignments and find no error therein.

Affirmed.

PER CURIAM.

. The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is affirmed.