HOME INSURANCE CO. *v.* GERLACH, et al.

April 19, 1954

No. 39199          61 Adv. S. 31          71 So. 2d 787

*Ramon L. Burgess,* Tupelo; *G. M. Holmes, E. W. Holmes, Jr.,* Aberdeen, for appellant.

734

*Thomas F. Paine,* Aberdeen, for appellees.

736

HALL, J.

On December 1, 1948, appellant issued to J. K. Gerlach a policy insuring him against loss or damage by fire to an automobile truck to the extent of its actual cash value. The truck was totally destroyed by fire on December 30, 1948, and, the company having denied liability for the loss, Mr. Gerlach instituted suit for recovery on the policy. At the first trial of the case the lower court granted a peremptory instruction in favor of the defendant and judgment was entered thereon on October 26, 1949. During that term of court the plaintiff filed a motion for a new trial which was sustained and the said judgment was set aside. The case was continued for several terms and Mr. Gerlach died before it came on for trial again. It was revived thereafter and was tried again with the result that the plaintiff obtained a judgment for $2,250.00 from which this appeal is prosecuted.

Before the last trial the plaintiff filed a motion wherein it was shown that J. K. Gerlach had testified in the first trial and that his testimony was taken down in shorthand by the official court reporter and that she had lost or misplaced her notes, but that before losing them she had transcribed Mr. Gerlach's testimony and had certified to the correctness thereof and that this transcript was in possession of counsel for the insurance company; wherefore it was requested that plaintiff's counsel be permitted to take a copy thereof for use upon the last trial in accordance with the provisions of Section 1659, Code of 1942. This motion was sustained and upon the last trial the plaintiff offered in evidence the certified transcript of Mr. Gerlach's testimony. Appellant contends that the lower court erred in requiring production.

of the transcript and in admitting the same in evidence. Requiring its production was fully authorized by the statute aforesaid, and it was competent as evidence under the overwhelming weight of authority and particularly under the following Mississippi cases: Lipscomb v. State, 76 Miss. 223, 254, 25 So. 158; Owens v. State, 63 Miss. 450, 452; Strickland v. Hudson, 55 Miss. 235, 241. ██ The rule is that the testimony of a deceased witness, given under oath in a judicial proceeding between the same parties on the same issue, is competent when the party against whom the testimony is offered had opportunity to cross-examine the witness on the former proceeding.

██ It is also contended that the appellant was entitled to a directed verdict because the policy contained a clause which provides "This policy does not apply * * * under any of the coverages, while the automobile is subject to any * * * mortgage or other encumbrance not specifically declared and described in this policy." Mr. Gerlach testified that he did not know that the policy contained this provision. There was no mortgage declared and described in the policy and it is undisputed that the truck in question was encumbered by a deed of trust to secure an indebtedness to J. B. Lambert in the amount of $1,509.00; the deed of trust also included a considerable amount of other property. There was a balance due on the truck when it was bought by Mr. Gerlach but that balance had been fully paid before issuance of the policy. Mr. Gerlach testified positively that appellant's agent came to his farm and inspected the truck before the policy was issued and that no question was asked with reference to a mortgage or deed of trust on it, and no written application was made for the insurance. Appellant's agent testified that he went to appellant's farm and saw the truck and obtained the motor number; he said that he took the motor number from a bill of sale which showed a balance due and he asked Gerlach if the truck was paid for and that Gerlach replied that it was. The agent did not testify that

he asked whether there was a deed of trust on the truck. He admitted that he is a general agent with full authority to issue policies binding upon appellant and that he did not take any written application for the policy.

In the case of Georgia Home Insurance Co. v. Holmes, 75 Miss. 390, 402, 23 So. 183, this Court said: "This is a case, then, in which no application—no formal application—was made, because the agent held it unnecessary, inasmuch as he knew about the condition of the property, and a case in which appellee did not know there was any anti-mortgage clause contained in the policy until after the loss, and the question is, whether the company shall now be permitted to repudiate its contract made, not upon any misrepresentations, or even representations, of the insured, but upon its own knowledge of the condition of the property. If this policy was issued upon the knowledge of the company as to the condition of the property, and after refusal to furnish the usual blank application, whereby the insured would have apprised the insurer of the true condition of the property, and not upon any representation of the insured, then the anti-mortgage clause must be held to have been waived. Any other view would involve the holding by us of this proposition: that the insurance company, waiving any application by the person desiring insurance and issuing a policy upon its own knowledge of the condition of the property, may receive the premiums paid for the indemnity, and defeat a recovery for a loss sustained by inserting in the policy a provision invalidating the contract from the moment it was signed and delivered, thus inducing the insured to rest upon a contract which the company never intended to carry out. This cannot be sound law."

The Holmes case, supra, was cited with approval in the more recent case of Scottish Union & National Ins. Co. v. Wylie, 110 Miss. 681, 70 So. 835, where we said: "The testimony in the case shows that Tomlinson, as the

agent of appellant company, had the right to issue policies, collect the premiums therefor, cancel policies, and, in short, was their agent for all purposes connected with the insurance business in the City of Gulfport. The appellant company held him out as their agent, and they are bound by all his acts within the real and apparent scope of his authority. This being true, by his not asking for any information from the insured as to the condition of the policy or the condition of the property, he waived the benefits of the noninsurance and nonmortgage clauses existing in said policy at that time; or rather he had no right to insert these two clauses in said policy, because they were not a part of the contract of insurance entered into between himself and the appellee—that contract simply being that he was to issue a policy on this property for $750.00 regardless of any mortgages or other insurance.''

And in Liverpool & London & Globe Ins. Co. v. Delaney, 190 Miss. 404, 411-412, 200 So. 440, we said: ''If Delaney advised Stewart of the existence of this other insurance policy on the house here insured, which was for the determination of the jury, the stipulation in the policy that it would be void if the house covered by it was or would become covered by another insurance policy was waived, by his issuing the policy notwithstanding stipulations to the contrary therein. This Court has many times held with the weight of authority elsewhere,—that a local agent of an insurance company who is furnished by it with blank policies to be filled up, countersigned and issued by him has all the powers of a general agent of a company when issuing such policies and may waive any of their provisions.''

See also Martin v. Motors Insurance Corp., 68 So. 2d 869, not yet reported in the bound volume of Mississippi Reports.

We have carefully considered the other contentions made by appellant and do not think they are sufficiently

serious to warrant discussion, and the judgment of the lower court will accordingly be affirmed.

Affirmed.

*Lee, Kyle, Arrington* and *Gillespie, JJ.,* concur.