MERCHANTS' FIRE ASSUR. CO. v. CANTRELL.

May 3, 1954

No. 39180          63 Adv. S. 38          72 So. 2d 143

*Mitchell & McNutt,* Tupelo, for appellant.

*Jesse M. Coleman, Thomas F. Paine,* Aberdeen, for appellee.

Arrington, J.

The appellee, W. H. Cantrell, filed suit in the Circuit Court of Monroe County against the Merchants' Fire Assurance Corporation to recover the proceeds of a $1,000 fire insurance policy. Upon motion of the defendant, appellant here, the suit was transferred to the chancery court. From a decree for the appellee for the amount sued for, the appellant prosecutes this appeal.

The appellant denied liability for the reason that a deed of trust on the property and an insurance policy on the same property issued to the appellee's son, Lawrence J. Cantrell, was not disclosed when the appellee obtained the insurance, and alleged that these facts were fraudulently concealed. The appellant also contends that the appellee was estopped from recovering on the policy by his actions after the loss of the property by fire in that he did not disclose that he had a deed to the property, which deed was not recorded until after Lawrence Cantrell had collected on the policy which he had obtained on the same property.

The policy provides in part as follows: "This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this in-

surance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.''

On January 28, 1949, W. H. Cantrell deeded to his son, Lawrence J. Cantrell, 40 acres of land in Monroe County. This deed was duly filed for record on January 31, 1949. On the same date Lawrence Cantrell and his wife executed a note and deed of trust for $2,750 to secure the purchase price, which deed of trust was filed for record on March 28, 1949. Several months thereafter, Lawrence Cantrell desired to build a house on the property and, with the permission and assistance of his father, he cut timber from the land and had it sawed into lumber which was used in the construction of the house. Lawrence Cantrell and his wife also borrowed from the Amory Federal Savings and Loan Association $800 which was used in the building of the house, and executed a deed of trust on the property securing this sum. This deed of trust was dated November 9, 1949. The appellee testified that he did not know that his son had taken out a $2,000 insurance policy on the house, nor did he know that the son had given a deed of trust to the Amory Federal Savings and Loan Association. Later, appellee's son began to drink to excess and his wife left him and filed suit for divorce. Complainant prevailed upon his son and wife to reconvey the property to him since he had not received payment on the purchase price of the property. They executed this deed to him on August 2, 1951. The wife of Lawrence Cantrell testified that the appellee agreed to reconvey to them one acre of land upon which the house was situated. The appellee testified that he wanted to get his deed back but he knew that his son and daughter-in-law owned the house ''if they ever got it paid for.'' He remembered telling his son that he gave him an acre. The deed to appellee was not placed of record until after Lawrence Cantrell had collected on the $2,000 policy

which was issued to him by another company on the property. The appellee, after receiving the deed of August 2, 1951, went to the general agent of the appellant and applied for insurance on the dwelling. He told the agent that he had a deed to the property. The policy was issued to him in the sum of $1,000 on September 25, 1951. The property was destroyed by fire on October 15, 1951.

According to the testimony of the agent, when he discovered after the fire that Lawrence Cantrell had a policy in the amount of $2,000 on the same property, he denied liability. The appellant referred the policy to the same adjuster who was handling the policy for Lawrence Cantrell. The adjuster checked the records and upon finding the record title in Lawrence J. Cantrell, paid off on his policy, but denied liability on the appellee's policy, whereupon this suit was filed.

The chancellor found that the appellee was the holder of the legal title to the land at the time the policy was issued and that he did not know of any other insurance on the house and did not know of the deed of trust to the Amory Federal Savings and Loan Association, and that in his opinion, the appellee was not guilty of any fraud or concealment when he secured the policy. On the question of whether appellee was estopped from collecting on the policy for the reason that he did not disclose the unrecorded deed to the property until his son had been settled with, the chancellor found as follows:

"The proof shows that he told Mr. Streetman, the agent of the defendant, that he had a deed at the time he secured the policy and of course that constituted notice to the defendant that he held a deed. It is indeed strange that the adjuster who represented the defendant, according to his proof, never once discussed with the complainant or his attorney the basis of his claim although under the law he was charged with the knowledge that the complainant was claiming to have a deed to the property. Of course had the adjuster asked him

about the basis of his claim, to be the owner of the property, and had the complainant failed to disclose the deed, he would have been guilty of fraud. The defendant chose to rely upon the records although they knew that the complainant was claiming to be the owner of the property; although a simple inquiry of the complainant would have no doubt secured the information.''

Under the circumstances of this case, the rule to be applied is stated in 29 Am. Jur., Insurance, Sec. 740: ''. . . if additional insurance is taken out on property without the consent or knowledge of the insured, and there is no acquiescence in or ratification of it by him, such insurance is not a violation of a clause in the insurance policy making additional insurance a ground for forfeiture of the policy. Accordingly, a clause against other insurance is not violated where one other than the insured procures a policy in the latter's name without his knowledge, consent, or ratification.''

To the same effect is 45 C. J. S., Insurance, Sec. 573, page 364, which states: ''Insurance obtained, however, by a third person without knowledge or consent of insured, on the same interest as that of insured, will not affect his rights under his policy, in the absence of ratification . . . where insured has no knowledge of additional insurance until after loss, a claim for such additional insurance will not affect his rights under the prior policy.''

In 45 C. J. S., Sec. 533, page 271, is stated: ''Insured is of course not liable for failure to disclose insurance taken out, without his knowledge, by others interested in the property; . . .'' The same rule would apply to mortgages placed on the property by an insured's predecessor in title without the actual knowledge of the insured. 45 C. J. S., Insurance, Secs. 532, 567; Hanover Fire Insurance Company v. Hodges, 37 Ga. App. 229, 139 S. E. 822.

In Insurance Company of Pa. v. Fitzgerald, 164 Miss. 279, 144 So. 684, the Court said: "If Mrs. Fitzgerald did not know of the existence of the policy in the Bankers' and Merchants' Fire Insurance Company, and had not authorized her son to act in her behalf in procuring same, then there was, so far as she was concerned, no second policy in force. We think the question was one for the jury on the evidence, and the evidence is not of the type and character to warrant the court in granting a peremptory instruction."

Whether appellee had knowledge of the deed of trust and insurance policy and willfully concealed same was a question for the chancellor to determine, and the chancellor having found that he did not have such knowledge and did not wilfully conceal same, the policy was not void because of the existence of the deed of trust and insurance policy. The question of whether appellee was estopped by his actions in not recording his deed until after his son collected on his policy was also a question for the determination of the chancellor and his findings are amply sustained by the evidence.

Appellant also argues that appellee failed to disclose the material fact that his son and daughter-in-law were the owners of one acre of the land upon which the house constructed by the son was located. We find no merit in this contention. They were not the owners of the land. The deed to appellee was a straight warranty deed with no recitation of any exception or interest in any of the acres. While the chancellor found as a fact, that, according to appellee's own testimony, his son and wife still had an interest in the house, he also found that the legal title was in appellee. Whether Lawrence Cantrell and his wife had an equitable lien on the house and one acre provided they paid appellee the money due him, is not an issue to be determined in this case. In Liverpool Insurance Co. v. McGuire, 52 Miss. 227, it was said:

"Parties applying for insurance are not called on to settle questions of title with very great precision." See also Groce v. Phoenix Insurance Co., 94 Miss. 201, 48 So. 208, where the deed from the wife to her husband was unacknowledged and unrecorded; Phoenix Ins. Co. v. Bowdre, 67 Miss. 620, 7 So. 596.

Even assuming that Lawrence J. Cantrell and his wife had an equitable interest in the house and one acre, subject to them paying appellee the debt they owed him, the instant facts would not preclude recovery here by appellee. The pertinent rule would be as set forth in 29 Am. Jur., Insurance, Sec. 616, page 496: "If a policy is issued to the holder of the legal title to real estate without inquiry by the insurer as to whether any other person is interested in such property, and no representations are made by the insured further than that he is the owner of the property, it is no defense to an action on the policy that the insured is a mere trustee for an undisclosed beneficiary."

We do not think that the cases relied upon by appellant are applicable. In the present case, the chancellor found as a fact that the insured did not know of his son's mortgage and insurance policy. Moreover, the policy issued to appellee contained no sole and unconditional ownership clause.

Affirmed.

All justices concur, except *McGehee, C. J.,* who took no part.