AMERICAN CENTRAL INSURANCE Co., et al. *v.* MEREDITH

No. 39980 June 11, 1956 87 So. 2d 871

*J. Robertshaw,* Greenville, for appellants.

*Edward J. Bogen,* Greenville, for appellee.

405

McGEHEE, C. J.

The plaintiff, W. E. Meredith, procured the issuance of a fire insurance policy by the defendant, American Central Insurance Company, on January 27, 1954, in the sum of $1,000, covering a store building wherein he had formerly kept a post office and operated a mercantile business, and on September 12, 1954, he procured the issuance of an additional fire insurance policy by the defendant, Pacific National Fire Insurance Company, in the sum of $500, covering the same property. Both policies were renewals of earlier policies, and were issued by the same agent, Mr. Paul Holland, of Hollandale, Mississippi. Neither policy disclosed the existence of the other.

Each policy contained the following clause: "Total insurance (does not apply to any of the perils named in the Extended Coverage)—Other insurance is prohibited unless the total amount of insurance, including the amount of this policy, is inserted in the blanks provided on the first page of this policy under the caption Total Insurance. This company shall not be liable for loss while the insured shall have any other insurance prohibited by this policy." On December 28, 1954, the insured building was completely destroyed by fire. Thereafter the insurance adjuster made an endorsement on each of the policies to show the existence of the other, since they had been written by the same agent, and his knowledge was imputed to the respective companies.

Separate suits were filed by the plaintiff for the collection of the $1,000 on the policy issued by the defendant, American Central Insurance Company, and for the collection of the $500 on the policy issued by the defendant, Pacific National Fire Insurance Company. By agreement, the suits were consolidated and tried as one action.

The defense interposed in each suit was that on January 16, 1954, the plaintiff had renewed a policy of January 16, 1953 in the sum of $1,000, issued by the Missis-

sippi Farm Bureau Mutual Insurance Company and in force and effect prior to the issuance of either of the two policies by the defendants, who are appellants here.

In their answers the defendant companies alleged that they had no notice of the outstanding policy issued on this building by the Mississippi Farm Bureau Mutual Insurance Company until after the fire, and until after the entry of the endorsements on their policies by the adjuster. On the trial there was a conflict in the testimony on that issue.

In their answers the defendant companies further alleged that the fair replacement value of the destroyed building, using new construction, was $1,711.93, and that the actual value of the building at the time of the fire was not in excess of the aggregate of the two policies issued by the defendant companies, that is to say, the sum of $1,500. They denied that the actual value of the destroyed building was worth the sum of their policies plus the policy issued by the Mississippi Farm Bureau Mutual Insurance Company, that is to say, the sum of $2,500.

In his replication the plaintiff denied that the fair replacement cost of the building, new, would be only $1,711.93, and alleged that its value at the time of the fire was in excess of $2,500.

▮▮ ▮ The plaintiff testified that the agents who wrote this insurance inspected the property several times in connection with the renewals of the policies. The plaintiff was asked: "Q. Did you notify Mr. Holland that you were taking out this policy? A. When I went over there to pay my premiums in January, he asked me if the building had a stove flue from the ground up, and he said 'Have you got enough insurance?' and I told him, 'yes,' that the Farm Bureau kept worrying me to take over my insurance account and I gave them $1,000. Q. Did Mr. Holland object to it. A. No, sir, he asked how much cheaper it was and I told him that it was some cheaper." But Mr. Holland denied that the

plaintiff advised him of the existence of any additional insurance. In other words, there was an issue of fact for the determination of the jury as to whether or not Mr. Holland when issuing the policy on behalf of the defendant, American Central Insurance Company, on January 27, 1954, and when issuing the policy on behalf of the defendant, Pacific National Fire Insurance Company, on September 12, 1954, had knowledge of the existence of the insurance issued on January 16, 1954, by the Mississippi Farm Bureau Mutual Insurance Company, which was being renewed from year to year. The jury resolved the conflict in the testimony in favor of the plaintiff, and rendered a verdict in his favor for the sum of $1,500, representing the liability of one of the defendants for the sum of $1,000 and of the other for $500.

 It is the well established rule in this state that the local agent of an insurance company furnished with blank forms to be filled out, countersigned and issued by him, has all of the powers of a general agent when issuing policies, and can waive any of the policy provisions. In fact, Section 5706, Code of 1942, so provides, as construed in the cases of Liverpool & London & Globe Ins. Co. v. Delaney, 190 Miss. 404, 200 So. 440; Buffalo Insurance Co. of New York v. Borden, 211 Miss. 47, 50 So. 2d 895; Camden Fire Ins. Ass'n. v. Koch, 216 Miss. 576, 63 So. 2d, 103; and Continental Ins. Co. v. Thrash, (Miss.) 78 So. 2d 344.

 But it is argued by the defendants, as appellants here, that if their agent did have knowledge when writing these policies that the plaintiff had a $1,000 policy with the Mississippi Farm Bureau Mutual Insurance Company then in full force and effect on the same building, he would have known that it was illegal for him to issue these two policies for the defendants, and that it would be a violation of Section 5693, Code of 1942, which provides, among other things, that: "No insurance company shall knowingly issue any fire insurance

policy upon property within this State for an amount which, together with any existing insurance thereon, exceeds a fair value of the property, nor for a longer term than five years.'' That, therefore, a sound public policy would not permit parol evidence to establish a waiver of a clause such as the one hereinabove quoted, which prohibited other insurance, unless the total insurance, including the amount of these policies, had been inserted in the blanks provided on the first page thereof; that the agent would have known that his action in writing these two policies on behalf of the defendants would have been illegal, and in express violation of the said statute. That, consequently, his knowledge would not be imputed to the defendants since his action would have been adverse to their interest, since each of the defendants would be exposed to a possible criminal fine of not less than $200 nor more than $1,000 for knowingly issuing a fire insurance policy for an amount, which together with existing insurance on the property, exceeds the fair market value thereof. That under such circumstances the agent would not be likely to communicate to his principal a fact which would be to his interest to conceal.

The above argument fails to take account of the further provision of Section 5693, supra, which reads: ''When building and structures are insured against loss by fire, and situated within this State, are totally destroyed by fire the company shall not be permitted to deny that the buildings or structures insured were worth at the time of the issuance of the policy the full value upon which the insurance is calculated and the measure of damages shall be the amount for which the buildings and structures were insured.''

In the case of Home Insurance Company v. Barron, 91 Miss. 722, 45 So. 875, the claim of liability was defended on the ground that the plaintiff had over-valued her property, when obtaining insurance for $1,000 on property shown to be worth only $500, and that the in-

sured knew that it was unlawful for an insurance company to over-insure, and therefore the policy was void. But the court, in the course of its opinion, said: "Under this section, an insurance company is not permitted to deny that the property insured was worth at the time of the issuance of the policy, less than the value stated in the policy, and the measure of the amount recoverable under the policy is the amount for which the property was insured. The responsibility of ascertaining the value and fixing it is placed upon the insurance company, and, when they have done so, the statute forbids them from denying that the amount of insurance named in the policy was not the true value. It is true that the statute says that 'no insurance company shall knowingly issue any fire insurance upon property within this state for an amount which, together with any existing insurance thereon, exceeds the fair value of the property,' etc.; but, if the company issue their policy for a greater sum than the fair value of the property, it can be of no avail to them in order to defeat a recovery when sued for the full amount of the insurance named in the policy and for which they have accepted premiums. Assurance Co. v. Phelps, 77 Miss. 625; 27 So. 745." ▆▆ In the case of Aetna Insurance Company v. Smith, McKinnon & Son, 117 Miss. 327, 78 So. 289, the court held (under Section 2615, Code of 1906, brought forward as Section 5706, Code of 1942) that an insurance company cannot void a policy because of other insurance, if the agent writing the insurance had knowledge of the fact.

▆▆ The three alleged errors assigned on this appeal are: (1) the exclusion of testimony as to the value of the insured property; (2) the exclusion of photographs of the insured property taken shortly prior to its destruction, which were offered in evidence to show the value thereof; and (3) the exclusion of testimony tending to show a concealment of the existence of other insurance. The exclusion of the testimony complained

of on the first two assignments of error was proper under the statutes and decisions hereinbefore cited, and as to the other assignment of error, both the plaintiff and the agent of the defendants were permitted to testify as to whether or not there was a concealment of the existence of other insurance.

Under Sections 5693 and 5706, Code of 1942, and the numerous cases cited thereunder, the judgment rendered in favor of the plaintiff in the instant consolidated cases is correct, and must therefore be affirmed.

Affirmed.

*Lee, Arrington, Ethridge,* and *Gillespie, JJ.,* concur.