228 So.2d 871 (1969)
Joyce PAULK
v.
HOUSING AUTHORITY OF the CITY OF TUPELO, Mississippi.
No. 45513.
Supreme Court of Mississippi.
November 24, 1969.
L.G. Fant, Jr., Holly Springs, John P. Fox, Houston, for appellant.
*873 Lumpkin, Holland & Ray, Tupelo, for appellee.
*872 ETHRIDGE, Chief Justice.
The Housing Authority of the City of Tupelo, Mississippi, appellee, filed suit to condemn two lots owned by Joyce Paulk, appellant, which were located in an urban renewal project area in the City of Tupelo. On an appeal from denial of a writ of prohibition, this Court earlier upheld the right of the Housing Authority to take the lots by eminent domain. Paulk v. Housing Authority of the City of Tupelo, 195 So.2d 488 (Miss. 1967). On the first eminent domain trial appealed to this Court, a verdict and judgment for $12,000 was reversed and remanded, because of the circuit court's error in excluding from evidence the urban renewal plans. Paulk v. Housing Authority of the City of Tupelo, 204 So.2d 153 (Miss. 1967). The second eminent domain trial resulted in a verdict and judgment of $19,000, from which Paulk now appeals.
Before the last trial Paulk propounded eighty-three interrogatories to the Housing Authority, which answered some and moved to suppress others. Miss.Code 1942 Ann. § 1712 (1956). The circuit court sustained the motion to suppress, and appellant complains that this action was error. The trial court has considerable discretion in matters pertaining to discovery, and its exercise of discretion will not be set aside in the absence of an abuse of that discretion, which did not occur here. 23 Am.Jur.2d, Depositions and Discovery § 149 (1965); cf. Peoples Bank v. D'Lo Royalties, Inc., 206 So.2d 836 (Miss. 1968); Williams v. Whitfield, 249 Miss. 634, 163 So.2d 688 (1964); Morrison v. Guaranty Mortgage & Trust Co., 191 Miss. 207, 227, 199 So. 110, 115 (1940). Some of appellant's suppressed interrogatories sought to discover the appraisal opinions of appellee's expert witnesses; others sought information pertaining to sales of comparable property in the area. Ordinarily discovery of the expert opinions of an opposing party's expert witness will not be permitted, except in instances of extreme need by the examining party and inability on his part to obtain expert opinion on the same matter from other sources. Considerations of fairness to the party who retained the expert in preparing his case for trial have been a chief reason for disallowing pretrial discovery. 23 Am.Jur.2d, Depositions and Discovery § 199 (1965). Moreover, there have been two previous trials of this case, during which Paulk obtained considerable information about the appraisals of the Housing Authority's witnesses. Similar considerations apply to the appellant's interrogatories requesting information from the Housing Authority as to comparable sales in the area. In sum, there was no reversible error in the trial court's suppression of the interrogatories propounded by Paulk.
Appellant complains of error in certain instructions granted appellee by the trial court. Appellee's instruction No. 3 stated that the jury were the sole judges of the credibility of the witnesses and the weight and worth of their testimony, and that they might take into consideration the interest of any witness, his demeanor, and his ability and opportunity for knowing the facts. This instruction simply stated a truism and did not single out the testimony of appellant's out-of-state witness for that type of evaluation. Although appellee's instruction No. 4, stating that the verdict "must not exceed the fair market value of the tracts taken at the time of the taking," could possibly be misleading in the absence of other clarifying instructions, additional instructions for both sides eliminated any possible ambiguity by stating that the issue was the fair market value of the lots at the time of the taking in April 1965. When read together, the instructions adequately charged the jury.
The Housing Authority offered the opinions of three witnesses on market value: Anthony, $9,500; Baker, $9,100; Allen, $15,200. It also introduced in evidence over appellant's objection the recorded testimony *874 of J.M. Thomas, Jr., who testified at the former trial of this case, but who died before this second trial. Thomas placed on the lots a value of $9,500 at the time of taking. Defendant Paulk offered two witnesses on valuation: Scruggs, $55,000; Outland, $33,750.
Code section 1749 authorizes the admission of evidence of the testimony of a witness at a former civil trial, who has since died. Miss.Code 1942 Ann. § 1749 (1956). The testimony of the deceased witness must have been given under oath and in a judicial proceeding between the same parties on the same issue, and the party against whom the testimony is offered must have had opportunity to cross-examine the witness on the former proceeding. Home Ins. Co. v. Gerlach, 220 Miss. 732, 71 So.2d 787 (1954).
In this case, the issue on the first and the second, or present, trial is the same, a determination of the fair market value of the property in April 1965. However, the scope of defendant's cross-examination of this witness is not wholly identical. On the former trial, the urban renewal plan had been excluded from evidence, and the resulting judgment was reversed for that reason, while on the last trial the plan was received in evidence. Nevertheless, on the former trial Thomas testified under direct and cross-examination as to his opinion of the value of the property and explained the various factors he considered in forming his judgment. Although admission of this testimony given by Thomas at the former trial might be deemed technically erroneous, since the scope of cross-examination did not include details of the urban renewal plan, a consideration of the entire record on this trial convinces us that Paulk was not prejudiced by use of the Thomas testimony. All other witnesses for both sides testified in detail about the urban renewal plan and their opinions as to its effect upon the value of this property. Moreover, Thomas' opinion of value, $9,500, apparently was not considered seriously by the jury, since it returned a verdict of twice that amount. We think admission of Thomas' testimony was harmless error. Miss. Sup.Ct. Rule 11.
Appellant received a fair trial and was adequately compensated for the taking of his property. This case on a limited issue has been in the courts since 1963. Litigation must end at some time, and since the record amply supports the verdict of the jury, the judgment of the trial court will be affirmed.
Affirmed.
JONES, PATTERSON, SMITH and ROBERTSON, JJ., concur.