229 So.2d 576 (1969)
The HOME INSURANCE COMPANY, a Corporation
v.
Oleta H. GREENE.
No. 45532.
Supreme Court of Mississippi.
December 22, 1969.
*577 Watkins & Eager, Joe W. Hobbs, Jackson, for appellant.
Hillman & Davis, Leakesville, for appellee.
ETHRIDGE, Chief Justice.
Oleta H. Green, appellant, brought this action on a fire insurance policy in the Circuit Court of Greene County against the Home Insurance Company, appellee, to recover for the loss of her house and its contents. The jury returned a verdict for Mrs. Green of $7,000, including $5,000 on the house and $2,000 on the contents. We hold that the jury was justified in finding that the building was "totally destroyed by fire," within the meaning of the valued policy statute, but that the evidence was not sufficient to show any amount of loss on the contents.
Mrs. Green suffered a fire loss to her home on July 16, 1965. At the time she was the named insured in a policy of fire insurance issued by Home Insurance Company, affording coverage of $5,000 on the dwelling and $2,000 on the household and personal property contained therein. When she applied for and obtained the Home insurance policy, Mrs. Green already had in force on her dwelling an $8,000 fire insurance policy with the Old Republic Insurance Company, with a loss payable clause to her named mortgagee. Before trial she collected the full amount of the Old Republic policy on her dwelling.
In the present action, Home Insurance pleaded that the "other insurance" clause of its policy discharged it of liability. In response, plaintiff asserted that she had apprised the general agent of Home Insurance of the existence of the Old Republic policy on the dwelling, and that this agent waived the other insurance provision of the Home policy. This essentially was the issue submitted to the jury. Appellant concedes that the jury had sufficient evidence to find that its local agent had notice of the insurance with Old Republic at the time she made application to appellant, and makes no issue of that finding. See American Central Ins. Co. v. Meredith, 228 Miss. 402, 87 So.2d 871 (1956). Appellant filed no motion for a new trial below.
Home Insurance contends that it was incumbent upon plaintiff, in order to avail herself of the valued policy statute [Miss. Code 1942 Ann. § 5693 (1956)], to prove that the fire loss to her dwelling was total, in order to avoid the necessity of making proof of the extent of partial damage to the house; that the evidence was insufficient to show a total loss; and, further, that plaintiff failed to prove the extent of her household and personal property loss. Hence appellant contends that it was entitled to its requested peremptory instruction.
The pleadings did not make a specific issue of whether plaintiff's home and its contents were totally destroyed by fire. Plaintiff made this averment, and the defendant denied it in general terms in a denial of the entire paragraph. Defendant then pleaded the fact of other insurance, which was the real issue in the trial. On the question of the extent of damage, Mrs. Green testified that the house burned and that the "dwelling and contents were destroyed." Mrs. Gordon Rounsaville, Sr., a partner in Home Insurance's agency in Leakesville at the time the policy was issued, said that she thought the house itself was "partially saved from [sic] the fire department," but that "it looked like it [the contents] were burned up in it." Gordon Rounsaville, Jr., a partner in the agency and apparently a member of the volunteer fire department, assisted in extinguishing the fire that night and told plaintiff that "it was all right, we'll take care of it." He had signed the policy, and he told her at the fire, "Yes, it's a total loss, and we'll go right ahead * * *"
On the day before the trial, Rounsaville made four photographs of the house, which he said was in about the same condition as at the time of the fire three years before, except for weathering. These photographs *578 depict a small house, with an indeterminate amount of footage, with such a large degree of destruction that we think the jury could conclude from the photographs alone that the house was a total loss. Portions of the roof in a damaged condition remained over the major part of the house, at least two walls were burned down, and all windows were broken out. Rounsaville stated that there was smoke and water damage throughout the house and that part of the house was "completely burned off," this being the north end and part of the east wall and part of the west wall. Asked about the contents, he said, "Those that were in the area where the fire was burned." However, he thought that the house was only partially damaged. He did not deny that he told Mrs. Green on the night of the fire that the house was a total loss, but he did not remember the incident.
First. The question is whether the evidence was sufficient for the jury to find that the building was "totally destroyed by fire" within the terms of the valued policy statute. Mississippi Code 1942 Annotated section 5693 (1956) provides:
No insurance company shall knowingly issue any fire insurance policy upon property within this State for an amount which, together with any existing insurance thereon, exceeds a fair value of the property, nor for a longer term than five years. When buildings and structures are insured against loss by fire, and situated within this State, are totally destroyed by fire the company shall not be permitted to deny that the buildings or structures insured were worth at the time of the issuance of the policy the full value upon which the insurance is calculated and the measure of damages shall be the amount for which the buildings and structures were insured. * * *
Franklin Fire Insurance Company v. Brewer, 173 Miss. 317, 159 So. 545, 160 So. 387 (1935), discussed in some detail what constitutes a total loss or destruction of a building by fire within the meaning of an insurance policy. The Court said:
`Where the line is to be drawn between these two conditions is, in each particular case, a question of fact. It adds nothing to say that total loss occurs when the identity and specific character of the structure is destroyed. We receive no aid from the suggestion that total loss ensues when the reconstructed building would be recognized as a new, rather than the old, structure. No light is thrown on the situation by the declaration that total loss follows from the fact that the remnants constitute a mass of ruins, for amidst the ruins may remain a substantial part of the building * * * In arriving at a determination of what a prudent owner would do under such circumstances, it is proper to consider not only the condition of the walls standing, whether they are suitable, in place, to be used as a part of the reconstruction, but also the relative value of such walls, in place, as compared with the cost of rebuilding. It does not follow that, because some part of the remnants may be utilized, in place, there is not substantial and total destruction and loss. The law will not take note of trifles in this respect. It follows that there must remain a substantial part of the building in place, which, with reasonable repairs, can be used in its reconstruction. What such substantial part is is a question of fact depending upon the nature and cost of the structure and the character and condition of the remaining parts.'
It only remains to be said that substantial parts of a building must remain in place, above the foundation, in order to prevent the destruction of the building from being total. If only the foundation of the building remains in place, the building is totally destroyed within the meaning of the policies, although some parts of the building remain in such condition as to be of value as salvage. (173 Miss. at 331, 332, 159 So. at 548).
*579 In short, there must be a substantial, usable remnant of the building surviving. The substantial part of the structure in place must be susceptible to reasonable repairs and reconstruction. And whether there is a substantial part of the building left, to prevent it from being only a partial loss, is often a question of fact for the jury. 15 R. Anderson, Couch on Insurance 2d §§ 54:57-54:73 (2d ed. 1968); 6 J. Appleman, Insurance Law and Practice §§ 3821, 3822 (1942).
An overall consideration of the evidence convinces us that the jury was justified in finding that the house was totally destroyed by fire, within the meaning of the valued policy statute. Since this was a jury issue, the circuit court was correct in denying Home Insurance's request for a peremptory instruction. The judgment of the circuit court is affirmed as to the $5,000 insurance on the house.
Second. The valued policy statute does not apply to personal property contained in a building. Miss.Code 1942 Ann. § 5693 (1956). Nor does the evidence show that the chattels in the house were totally destroyed by the fire. An insured seeking recovery on a policy insuring against fire has the burden of proving the loss and its extent. 19 R. Anderson, Couch on Insurance 2d § 79:354 (2d ed. 1968). In the instant case plaintiff offered no evidence as to her loss on the contents of her house. Hence the trial court erred in failing to give the defendant's requested peremptory instruction on the $2,000 insurance claim on contents. Plaintiff simply offered no evidence on this issue. The jury could only speculate on the extent of damage to the personal property in the dwelling.
Third. Appellee, Mrs. Green, has cross-appealed, asserting that the judgment of the trial court should have awarded her interest from the date when proof of loss was filed, and not from the date the judgment was entered. Appellee in her declaration did not ask for interest. She first raised the question by filing a motion to amend the judgment. However, the record does not reflect that this motion was ever submitted to the trial court; nor does it show that the trial court took any action whatsoever on it. For that reason we decline to consider this issue for the first time on appeal, and thus we affirm the judgment on cross-appeal.
In summary, the judgment of the circuit court is affirmed as to the $5,000 insurance coverage on the house. The judgment is reversed as to the $2,000 insurance on contents, and judgment is rendered here for appellant on that item; and on cross-appeal the judgment is affirmed.
On direct appeal, affirmed in part, and reversed and judgment rendered in part; on cross-appeal, affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.